## McKnight v. McCullough.

1. **Arbitration:** JURISDICTION. A submission to arbitration, by parties residing in the same county, provided that if the award did not exceed $500, judgment should be entered thereon by a justice of the peace named; that if the amount should exceed the jurisdiction of a justice "judgment shall be entered in any court having jurisdiction of the same." *Held*, That it was competent for the District Court of the county to enter judgment on the award, if it exceeded the sum of four hundred dollars.

2. —— ACKNOWLEDGMENT. The same degree of particularity is not required in the acknowledgment of the execution of a submission to arbitrators as in the acknowledgment of the execution of a deed of conveyance.

3. —— REVENUE STAMP. If an agreement of submission to arbitration is properly stamped, it is not necessary to stamp the acknowledgment.

4. —— NAMES OF ARBITRATORS. It is necessary to name the arbitrators in the agreement of submission, if the parties would ask judgment on the award by virtue of the statute.

5. —— FINDING OF LAW AND FACTS. Arbitrators are not required like referees to return a separate statement of the facts found by them and the conclusions of law based thereon.

6. —— DELIVERY OF AWARD. The arbitrators may deliver the award to the clerk personally in vacation.

21 111
101 519

21 111
107 411

21 111
113 605

*Appeal from Madison District Court.*

THURSDAY, JUNE 28.

ARBITRATION. — The questions made relate to the regularity of the proceedings, so far as to affect the successful party's right to a judgment uoon the award, under the statute.

For the facts see the opinion.

*V. Wainwright* for the appellant.

*Leonard & Mott* for the appellee.

WRIGHT, J. — These parties both reside in Madison county, and in April, 1865, submitted to the arbitrament of William McDonald and E. B. Lee (with power in those named to select a third) certain matters in difference in relation to the keeping of a lot of sheep by defendant for plaintiff. The agreement of submission sets out particularly the damages as claimed by either party, and for what.

1. ARBITRATION: jurisdiction.

It provided that Butler Bird, a justice of the peace, should enter judgment for the amount of the award, provided it did not exceed $500, and that if it exceeded the jurisdiction of a justice, "judgment shall be entered in any court having jurisdiction of the same." The award was for $741 in favor of plaintiff, and it is now objected, in the first place, that this language is so indefinite that there could be no judgment under the statute in such submission and award.

The statute is, that the parties "must sign a written agreement specifying particularly what demands are submitted, the names of the arbitrators, and *the court by which the judgment on the award is to be rendered.*" Rev., § 3676.

McKnight v. McCullough.

It appears that both parties resided in Madison county and in the event that the award exceeded five hundred dollars, the District Court of that county is the only court which could take jurisdiction of the case and render the judgment. There is no other tribunal in that county which could render the judgment, and none other having jurisdiction of the persons of the respective parties. While it would be better to name in such agreements, the particular court, we are not prepared to say that the defect complained of, should vitiate the proceedings, and render invalid under the statute all that was done by the parties, in their apparently praiseworthy efforts to settle their several contested claims. There is nothing in the prior adjudications of this court to justify our so holding. See *McDaniels* v. *Van Fosen*, 11 Iowa, 195 ; *Barker* v. *Brown*, 15 Id., 70 ; *Higgins* v. *Kineady*, *ante*.

II. The law is that the parties shall appear before some justice of the peace and acknowledge the instrument by them signed, to be their free act and deed. Rev., § 3677. The justice certifies that on, &c., the parties (naming them) " whose names are affixed to the foregoing agreement, personally came before " him and acknowledged, &c. It is objected that he should have certified that they were the " identical persons " whose names appeared, &c. The certificate was sufficient. The language of the statute is quite unlike that of section 2227 in relation to the acknowledgment of deeds, and the same degree of particularity is not demanded. The justice fairly and substantially complied with the law, and more is not required.

2. —— acknowledgment.

In this connection it is also objected that while the proper revenue stamp was to the agreement, none was affixed to the acknowledgment, and therefore the submission was void. In our opinion this was not required. The agreement, with the certificate, consti-

3. —— revenue stamp.

tuted but one paper, and there is no more reason under the law for having this certificate stamped, than the acknowledgment to a deed. And this is not pretended or claimed to be necessary.

III. The statute on the subject of "arbitrations" does not provide in terms for the naming of the arbitrators.

4. ——names of arbitrators. And yet we have no doubt as to its necessity if the parties would ask judgment on their award by virtue of the statute. The arbitrators were named, as appears from their return and the certificate of the justice attached thereto.

IV. By section 3680 of the statute, it is provided that all rules prescribed by law for referees, are applicable to

5. — finding of facts and conclusion of law. arbitrators, except as in said chapter 147, or by the parties may be expressed or agreed. And it is now claimed that arbitrators are required, like referees, to return a separate statement of the facts found by them and the conclusions of law based thereon.

We do not so understand the statute. Referees are, as a rule, appointed by the court; arbitrators by the parties. Referees are appointed with reference to their fitness and ability to report facts and legal conclusions, upon issues made in actions pending in court and submitted by the court for their determination. Arbitrators are appointed by the agreement of parties, and in most instances, as in this, to determine matters not in court, but what parties are willing to thus submit to an amicable, friendly tribunal of their own selection. It may be, as here, of a particular demand, or of their respective claims growing out of one transaction.

The law requires the arbitrators to make an award — not facts found and legal conclusions.

This award is, in legal contemplation, their *judgment* on the matter or matters submitted for their determination; and to require the report and statement insisted upon by

appellant would be not only unwarranted by the law but would render it next to impossible to obtain a good award in any case.

We would not, except under the plainest command of the statute, give it a construction tending to such undesirable and unnecessary results.

The award is required to be in writing and to be delivered by one of the arbitrators to the court designated, or it 6. —— de- may be inclosed, sealed and transmitted to such livery of court, not to be opened until the court so orders. It appears that the arbitrators delivered it to the clerk in person, in vacation. There is no suggestion that it was not sealed, nor that it was opened before the court so ordered. It is no valid objection that the arbitrators should deliver it to the clerk, instead of transmitting it by mail, or otherwise. A delivery in person is much safer and better than to transmit it through or by other means. And this they may do in vacation, and need not wait to deliver it in term time.

The other objections urged in the motion to set aside the award in the court below are not pressed here. An examination of them, however, shows that they were based upon matters *dehors* the record — matters not now before us, and we are brought to the conclusion that the judgment below should be

Affirmed.