70  513
91  153
70  513
128  226

KIMBALL v. THE MONARCH INS. CO.

1. **Fire Insurance:** HOG-HOUSE: VACATION OF: WHAT IS NOT.  The in-
sured property was a hog-house, and the policy provided that it should be
void if the premises became vacated by the removal of the owner or
occupant.   *Held* that this clause was intended to express nothing more
than that, if the owner or occupant of the whole premises, including
the hog-house, removed away, the policy should be void, and that a
recovery on the policy could not be defeated by the fact that the hog-

house was not used for its appropriate purposes for some time prior to the loss.

2. ———: INCUMBRANCE AND ASSIGNMENT TO DEFEAT POLICY: WHEN NOT ALLOWED. The policy in this case was issued by a company other than the defendant, but the defendant company, by indorsement on the policy, assumed liability for all losses arising thereon, and on the same day the assured assigned the property for the benefit of their creditors. Afterwards the assignee sold the property to plaintiff, and by a writing on the policy, showing that he was assignee of the parties originally insured, he transferred it to plaintiff, and the defendant's assent to such transfer was indorsed upon the policy. The property had been mortgaged in violation of the terms of the policy, but the mortgage was paid off and discharged on the day of the assignment to plaintiff, of which fact, in the absence of evidence to the contrary, defendant must be presumed to have had notice. *Held* that defendant could not defeat a recovery on the policy because of the transfer of the title to the assignee, nor on account of the mortgage which had been paid.

3. **Instructions:** ISSUES NO LONGER MATERIAL WITHHELD FROM JURY. Where defenses are set up which the undisputed evidence shows to be no defenses, the issues raised thereby are properly withheld from the jury.

*Appeal from Johnson Circuit Court.*

WEDNESDAY, DECEMBER 22.

ACTION upon a policy of insurance against loss by fire. There was a judgment upon a verdict for plaintiff. Defendant appeals.

*R. W. Barger,* for appellant.

*Joe. A. Edwards* and *Robinson & Patterson,* for appellee.

BECK, J.—I. The policy of insurance in suit was issued by the Oskaloosa Insurance Company, May 1, 1883, to Kimball, Stebbins & Myer, insuring them for three years on a "two-story frame shingled hog-house" against loss by fire. On the seventeenth of March, 1884, the defendant, by indorsement made upon the policy, assumed liability for all losses or claims arising thereon, and on the same day Kimball, Stebbins & Myer assigned to

1. FIRE insurance : hog-house: vacation of: what is not.

Benjamin King all their property for the benefit of their creditors. The plaintiff became owner of the property on the twenty-third day of August, 1884, and on the same day the policy was transferred to her by King, to which defendant herein assented by a written indorsement thereon. On the twenty-third of March, 1885, the property was burned, of which plaintiff gave defendant due notice, and made proof of the loss. These facts are alleged in the petition, and a copy of the policy is made an exhibit thereto. The policy contains conditions in the following language: "If the title of the property is transferred, incumbered or changed, or if, without written consent thereon, there is any prior or subsequent incumbrance, or the policy is assigned, or the risk is increased by any means within the control of the assured, or if there is any change in the occupancy of the premises insured, or if they become vacated by the removal of the owner or occupant,—then, in every such case, this policy shall be void." As a defense to the action, defendant pleads that the property "was incumbered by two mortgages, the existence of which was concealed from and unknown to the defendant until after the occurrence of the loss by fire, and that, after said policy was issued, the property become vacant and unoccupied, and for a long time prior thereto, and at the time of the fire, so remained, without the knowledge of defendant." In an amended answer it is alleged that the policy became void by reason of the incumbrance by mortgage, and that no property in the policy passed by the deed of assignment to King, nor by King's assignment to plaintiff. Other allegations of the pleadings need not be here recited.

II. Counsel for defendant first insists that the policy, under its provision, became void by reason of the vacancy of the building as shown by the evidence, and that the circuit court erred in failing and refusing to instruct the jury to that effect. It will be observed that the condition

against vacancy is in this language: "If [the premises] become vacated by the removal of the owner or occupant, * * * this policy shall be void." This condition is not against non-user of the dwelling, but against vacation "by the removal of the owner or occupant." It certainly does not intend to bind the assured to personal occupancy of the building, for it was not of a character that would permit it. It surely was intended to express nothing more than, that if the owner or occupant of the whole premises removed away, the policy should be void. It was intended to secure the attention and watchfulness of the owner and occupant to protect it from fire. The owner of the premises continued to reside thereon, but the hog-house was not used for some time prior to its destruction.

The cases cited by counsel involve conditions against vacancy found in policies covering dwellings and other buildings capable of being personally occupied by the owner or tenants. This clearly appears from the statements of counsel and the citations from the cases made by him in his argument. They are therefore not in conflict with our conclusions. The instructions of the circuit court are in accord therewith.

III. It is next urged by defendant's counsel that the policy in the hands of King was void for the reasons—*First*,

2. ——; incumbrance and assignment to defeat policy: when not allowed.

that the property had been incumbered by mortgage; *second*, that the title had been transferred by the parties originally insured to King, the assignee, without the consent of the company. The mortgage on the property was satisfied and discharged on the day the policy was assigned to plaintiff, with the assent of the defendant duly indorsed thereon. In the absence of proof to the contrary,—and there was none,—it will be presumed that defendant knew of the facts of payment, and the fact that, at the time, there had been a general assignment to King by the assured. Surely it cannot be claimed that, after payment of the mortgage and

assent to the assignment, the defendant having thus recognized the validity of the policy, it will be held void by reason of the mortgage and assignment to King. The transfer by King to the plaintiff was indorsed upon the policy. It shows that King was the assignee of the parties originally insured. Defendant's consent to this transfer was also indorsed upon the policy. It thus had notice of the transfer, and approved it; thus leading plaintiff to rely upon the policy for indemnity. But now, after the loss of the property, defendant sets up the facts of the assignment to King, and the mortgage which had been paid, and, after having retained the premium, on these defenses seeks to defeat recovery upon the policy. Neither law nor equity will permit or sanction such a thing.

IV. Counsel for defendant complain that the circuit court failed to state to the jury the issues in the case. As the

**3. INSTRUC-TIONS: issues no longer material withheld from jury.** mortgage was paid when the policy was transferred to plaintiff and the transfer approved by defendant, with the knowledge of the assignment to King, neither the mortgage nor assignment defeated the policy. The issue involving these matters the court properly withheld from the jury for the reason that there was no conflict of the evidence applicable thereto. This left but the issue presented by the defense based upon the alleged vacancy of the building. This single issue was presented to the jury in an instruction according with the doctrines we have announced in this opinion.

We have considered and disposed of all questions presented in the case, and reach the conclusion that the judgment of the circuit court ought to be

AFFIRMED.