D. S. TAYLOR, Appellee, v. MERCHANTS & BANKERS'
INSURANCE COMPANY, Appellant.

1. **Fire Insurance Policy:** CONDITIONS: CHANGE OF OWNERSHIP:
   CHATTEL MORTGAGE. A stipulation in a fire insurance policy upon
   personal property, that the policy should become void in the event of
   any change in the title, ownership or possession of the property
   insured, is not violated by the execution of a mortgage upon such
   property to one who had an insurable interest in the property at the
   time the policy was issued.

2. ——: ——: ——: ACTION PREMATURELY BROUGHT: ABATEMENT.
   A provision in an insurance policy against fire, that in case of loss the
   amount thereof shall be payable within sixty days after notice and
   proofs of loss have been received at the office of the company, will
   not entitle the insured to commence an action on such policy before
   the expiration of ninety days after giving notice of the loss, as pro-
   vided by section 3, of chapter 211, of the acts of the Eighteenth Gen-
   eral Assembly, and an action brought upon a policy before the
   expiration of such time may be abated by a motion in arrest of judg-
   ment.

*Appeal from Fremont District Court.*—HON. GEORGE
CARSON, Judge.

TUESDAY, OCTOBER 13, 1891.

ACTION upon a policy of insurance. There was a
judgment upon a verdict for plaintiff. The defendant
appeals.—*Reversed.*

*A. A. Haskins,* for appellant.

*A. R. Anderson,* for appellee.

BECK, C. J.—I. The policy is issued to the plain-
tiff against loss by fire upon a building used as a mill,
and the machinery therein. It is stipu-
lated in the policy that "loss, if any,
[shall be] payable to Johnson & Rhode,
as their interest may appear, for material."
The application shows that the plaintiff is the owner

1. FIRE insur-
ance policy:
conditions:
change of
ownership:
chattel mort-
gage.

of the property insured, and the stipulation in the policy just quoted is repeated in the application, in the very words found in the policy. It is declared in the application that the plaintiff is the owner of the property insured, and that the personal property covered by the policy is not incumbered, but nothing is said as to incumbrances on the real estate. The policy contains a stipulation to the effect that it shall be void if any change takes place in the title, ownership or possession of the property insured. It is insisted that a chattel mortgage executed to Johnson & Rhode so changed the title of the property as to avoid the policy under the stipulation.

II. The insurance upon the building cannot be affected by the stipulation, for the reason that the chattel mortgage does not cover the house. In our opinion, the chattel mortgage did not effect such a change of the ownership or possession of the personal property covered by it as to defeat the policy. The policy and application show that Johnson & Rhode had an interest in the insured property for material furnished. This fact is also shown by the evidence. What that interest was is not shown, further than that it arose upon an indebtedness for material furnished. It is to be regarded as an insurable interest, for the parties so treat it in the policy, which covered that interest when it was originally issued. Now, the chattel mortgage would not have the effect of changing or destroying that insurable interest; nor did it affect or change the plaintiff's interest in the property. He had the same interest after the mortgage as before, namely, the title subject to the claim, lien or interest held by Johnson & Rhode, whatever that may be. Assuming that the plaintiff owned the title to the property, Johnson and Rhode had an insurable interest when the policy was issued, and that interest continued after the chattel mortgage was executed. The chattel mort-

gage is but a security for a debt, the ownership remaining in the mortgagor. *Hubbard v. Hartford Fire Ins. Co.*, 33 Iowa, 325. The plaintiff, both before and after the mortgage, held the ownership of the property subject to the interest of Johnson & Rhode. There was, therefore, no change in the title, ownership or possession of the property wrought by the chattel mortgage, which, therefore, did not avoid the policy. The district court in instructions to the jury held to this effect.

III. The policy contains a condition that, in case of loss, the amount shall be paid within sixty days after notice and proof thereof are received at the office of the company. The action was commenced after the loss became payable under the provisions of the policy. Section 3, chapter 211, Acts of the Eighteenth General Assembly, provides that no action upon a policy of insurance "shall be begun within ninety days after notice of loss has been given." The effect of this statute, it has been held, is to fix the time when the loss becomes due and payable, so that an action may be brought to recover on the policy. *Quinn v. Capital Ins. Co.*, 71 Iowa, 615. It would rather appear that the statute does not affect the maturity of the contract, but, rather, is a legislative prohibition of the action before the time specified. Certain it is the statute declares that a suit shall not be brought until after ninety days. This statute was enacted before the policy in suit was issued, and, therefore, became a part of the contract of the parties. The action, being commenced before the expiration of ninety days after the notice of loss was given, was prematurely brought, and must, therefore, fail. This objection was rightly raised by motion in arrest of judgment, which was erroneously overruled. Counsel for the plaintiff insist that the statute in question is a statute of limitations, and

2. ——: ——: action prematurely brought: abatement.

therefore the objection should have been raised by the answer pleading the statute as a defense. It will be readily seen that the statute does not limit the time in which actions may be brought, but forbids an action to be brought before a prescribed event. It is in fact a statute prescribing a time before which an action cannot be brought. This the statute of limitations does not do. It prescribes that an action cannot be brought after a fixed time.

IV.  Objection is made to an instruction as to waiver by the agent of the defendant of objection on the ground of the change of the ownership by the policy. We do not consider the instruction, for we may not be agreed thereon. If it be assumed that it is erroneous, it is without prejudice, for the reason the verdict, without the instruction, could not have been different, for the reason that, as we have shown, there was no change of title, ownership or possession of the property, which avoids the policy.

Other questions argued by counsel need not be considered. For the error pointed out the judgment of the district court is REVERSED.