CONNECTICUT FIRE INSURANCE CO. v. TILLEY.

April 14th, 1892.

1. INSURANCE—*Conditions—Vacancy.*—Sixteen tenement houses (eight double houses, separated by lanes), each valued at $187.50, were covered by a policy providing that if the premises became and remained vacant for ten days, without company's assent, then, in every such case, the policy to be void. Several of the houses remained vacant beyond the limited period, and were so at the date of fire;

HELD:

The assured could not recover for the loss of those that so remained vacant.

2. IDEM—*Waiver.*—The fact that at time of issuing the policy the premises were vacant, did not waive the condition as to avoidance thereof.

Error to judgment of circuit court of city of Norfolk, rendered January 24th, 1891, in an action wherein Edward M. Tilley was plaintiff, and the plaintiff in error, the Connecticut Fire Insurance Company, was defendant. Opinion states the case.

*Tunstall & Thom,* for plaintiff in error.

*Sharpe & Hughes,* for defendant in error.

LACY, J., delivered the opinion of the court.

This is the sequel of the case of *Tilley* v. *Connecticut Fire Insurance Co.,* 86 Va. 811. At that hearing in this court

the writ of error was to this court from the action of the circuit court in sustaining the demurrer of the defendant to the declaration of the plaintiff, this court held the declaration sufficient, and reversed the circuit court, and the case went back and was tried in the circuit court, and verdict and judgment rendered against the defendant for $3,000, the whole amount of the policy. The defendant having excepted to the action of the trial court in giving certain instructions and in refusing others, and in overruling the motion of the defendant to set aside the verdict and grant to the defendant a new trial, applied for and obtained a writ of error to this court. The case is as follows:

On the 20th of November, 1884, the plaintiff in error issued its policy of insurance, by which it insured one Laforme for the benefit of the defendant in error, in the amount of $3,000 on the eight double-tenement houses of the said Laforme— that is to say, as the policy recites, $187.50 on each tenement of her said eight double-tenement house?.

The policy contained a provision that " if the premises become unoccupied, and so remain for more than ten days, without the assent of the company endorsed thereon, * * * * then, and in every such case, this policy shall become void."

It was proved at the trial that after the said buildings were insured they became occupied, and the policy allowed twenty days to effect this occupation, and that shortly after all of them became unoccupied, and eight of them were never afterwards occupied, and were unoccupied at the date of the fire. The plaintiff in error never having endorsed the consent of the company thereto, nor been notified thereof, as the policy requires, and now claims, that by reason of the tenements becoming and remaining vacant for months, the policy as to the unoccupied tenements was forfeited by the terms of the policy. The defendant in error insists that, by reason of the occupancy of some of the buildings, the said buildings were not unoccupied, but occupied, and that there is no forfeiture under the condi-

tions attached to the policy, and this is the only question to be determined.

In considering a contract of insurance we are governed by the same rules of construction which apply in construing other contracts. It is a contract between the parties, reduced to writing, by which they have mutually agreed to be bound, and the first question which arises, if any construction becomes necessary, is what appears to be the intent of the parties, as manifested by their agecment, and this intent is sometimes given great prominence, Lord Hale once saying that "the judges ought to be curious and subtle to invent reasons and means to make acts effectual according to the just intent of the parties; they will not, therefore, cavil about the propriety of words where the intent of the parties appear, but will rather apply the words to fulfill the intent than destroy the intent by reason of the insufficiency of the words." *Croning* v. *Scudamen*, 2 Lev. 9. The language of a policy is to be construed according to its natural meaning, its ordinary and usual signification, except where such a construction would render the words used senseless, or it is evident from the general scope and intent of the instrument that the words were used in some other sense. See *Robertson* v. *French*, 4 East. 135; *Cornfort* v. *Fowlkes*, 6 Mees. & W. 358; *Farley* v. *N. Y. Fire Ins. Co.*, 25 Wend. 374; *Home Ins. Co.* v. *Balt. Warehouse Co.*, 93 U. S. R. 527; *Murray* v. *Hatch*, 6 Mass. 465; *Home Ins. Co.* v. *Gwathney*, 82 Va. 923.

In this case the insurance was on sixteen tenement houses, at $187.50 apiece, aggregating $3,000 on the whole. The policy provides that "if the premises become unoccupied," &c., as already stated. What was meant by this? Was it that if one house which was insured, should become and remain vacant, in violation of the condition, that then the whole insurance on the sixteen houses should be forfeited; or that if all the houses, on the other hand, except one, should become and remain unoccupied, in violation of the policy, then the

policy was not to be forfeited, the circuit court, by its action in instructing the jury and refusing to set aside the verdict, held the latter, because, as we have already stated, eight of the said tenements were so vacant; eight occupied. But we think neither of these propositions is a reasonable construction of the policy. These houses were separate and distinct, with lanes running between—that is, the eight double houses. They are not insured as one house, but as sixteen different houses, which they might have been, and still contiguous, and a separate value is placed on each, for what purpose? Obviously to distribute the insurance among them. The case cited by the plaintiff in error of *Merrill* v. *Agricultural Ins. Co.*, 73 N. Y. 464, is very much in point, and the reasoning is satisfactory. Chief-Justice Folger, in that case said : "It is plain from the fact of a separate valuation having been put by the parties upon the different subjects of the insurance that they looked upon them as distinct matters of contract. The effect of the separate valuation was to make them so."

It is contended by the defendant in error that the company waived the non-occupancy clause by insuring the buildings when vacant. We do not think this is so. The policy allows twenty days to get the buildings occupied, as they were new and just nearing completion, in the construction. This was a waiver for twenty days only, and an express insistance on the non-occupancy clause afterwards. This was the obvious effect of the said provision of allowing twenty days to get them occupied, and in this respect is unlike the cited case. *Ins. Com.* v. *Kranich*, 36 Mich. 289.

It is there said : "If, however, the property is unoccupied when the risk is taken, *and there is no provision in the policy requiring the insured to make any change in this respect,* we are of opinion that the company would be liable for a loss occurring when the property was vacant," although in the meantime it had been occupied.

In this case the limit of twenty days is fixed by mutual

agreement, during which the company agrees to waive the non-occupancy clause, after which time the insured agrees to notify the company of any occurring vacancy; and this provision having been violated as to eight of the houses, the recovery should have been limited as to those occupied, and the circuit having decided otherwise, its judgment will be reversed and annulled, and such judgment rendered here as the circuit court ought to have rendered.

JUDGMENT REVERSED.