W. J. WORLEY, Appellant, v. STATE INSURANCE COMPANY OF DES MOINES.

Fire Insurance: Vacancy Clause Construed. A policy covering a house and barn and providing that the becoming vacant
1   of the *premises* insured shall work a forfeiture, is not avoided by proof that the house alone became vacant. *Ins. Co. v. Tilley*, 14 S. E. Rep. (Va.) 1024, *distinguished*. *Garver v. Ins. Co.*, 69 Iowa, 202, 28 N. W. Rep. 505, *followed*.

2   Same: Tenants. Where a policy for three years covers premises to be occupied by tenants, it is in contemplation of the contracting parties that short vacancies may occur by change of tenants, and such a vacancy for three days does not avoid the policy.

3   Action Premature: Proof of Loss. When proof of loss is not waived, and the policy provides that no action shall be begun until ninety days after proof is made, a suit begun eighty-seven days thereafter is premature, though the loss is made payable in sixty days from date of loss.

4   Mortgaged Policy: WHEN INSURED MAY SUE ON. Where a mortgagee to whom a policy is assigned as security appears and disclaims all interest in it, the insured may maintain action on the policy.

*Appeal from Keokuk Superior Court.*—HON. H. BANK, JR., Judge.

FRIDAY, MAY 18, 1894.

THIS action was commenced May 20, 1891, by serving an original notice on the local agent of the defendant. The action is upon a policy of insurance against loss by fire, issued to Nannie M. Smith in consideration of five dollars and twenty cents premium paid, and assigned, with the consent of the defendant, to the plaintiff. The property insured was situated on a certain tract of land, and is described as follows:

"Namely, three hundred dollars on one-story frame building, 30x16, and additions thereto attached, with shingle roof, occupied, and to be occupied, by a tenant, as a family residence; one hundred dollars on frame barn in rear of above-described dwelling house." On the night of January 30, 1892, the dwelling house was totally destroyed by fire; and this action is to recover three hundred dollars, with interest. After all the evidence was introduced the defendant moved for a verdict on the following grounds: *"First.* Because the notice and proof of loss was made on the seventeenth and twentieth days of March, 1892, and this suit was brought on the twentieth day of May, 1892, less than ninety days from the time that the notice and proofs of loss were made. *Second.* Because it affirmatively appears, without any dispute, in the evidence that, at the time of the fire, the house referred to, and covered by the policy of insurance in question in this case, and for which this suit was brought, was vacant, and remained so until after the fire. *Third.* Because, by the terms of the assignment of the policy, the loss, if any, was made payable to the mortgagee, and because the mortgage is still unpaid, and for further reason that the mortgage is for more than the plaintiff claims. Therefore, the mortgagee is the sole and only person interested, and the only person who can maintain this suit. Because this suit was brought by the plaintiff without the procurement of the consent of the mortgagee, and because the mortgagee and holder of the mortgage was not made a party to this action." This motion was overruled, as to the first and third grounds, to which the defendant excepted, and sustained on the second ground, and verdict and judgment had for defendant, to which plaintiff excepted. Both parties appeal. Plaintiff, having first perfected his appeal, is designated as "appellant."—*Reversed.*

*A. Hollingsworth* and *James C. Davis* for appellant.

*O. B. Ayers* and *Craig, McCrary & Craig* for appellee.

GIVEN, J.—I. We first consider the case as presented on plaintiff's appeal. The question is whether the court erred in sustaining defendant's motion, on the second ground thereof. There is no conflict whatever in the evidence as to the condition of the insured property at the time of the fire, and therefore there was no question of fact, as to its being vacant or not, to submit to the jury. It was for the court to determine, as a matter of law, whether, under the terms of the policy and the undisputed facts, the policy had become void. Numerous cases are cited wherein the policy was conditioned against the property becoming vacant or unoccupied, or vacant and unoccupied, and wherein it is determined that the facts did or did not constitute a breach of the condition. The language of this policy is so different that those cases have but little application.

The second ground of defendant's motion is that it appeared without dispute that at the time of the fire the house was vacant. The property insured was the dwelling house, and the barn in the rear of it. The condition of the policy is: "Or if there is any change in the occupant or occupancy of the premises insured, or if they become vacant, * * * this policy shall be void." Forfeiture is claimed, not because of any change in the occupant or occupancy, but because the house became vacant. While it was entirely competent for the parties to have agreed upon a forfeiture in case any part of the insured premises should become vacant, such is not this contract, but it is, "Or if they [the insured premi-

ses, the house and barn] become vacant," the policy shall become void. It is not claimed that the barn was vacant. The plaintiff was keeping a cow, horses, harness, vehicles, feed, etc., therein, and using it as such barns are generally used. It seems entirely clear that the condition of the policy is against the premises insured (the house and barn) becoming vacant, and not against one or the other becoming vacant. *Bryan v. Ins. Co.*, 8 W. Va. 605; *McQueeney v. Ins. Co.*, 12 S. W. Rep. (Ark.) 498; *Garver v. Ins. Co.*, 69 Iowa, 202, 28 N. W. Rep. 555; *Kimball v. Ins. Co.*, 70 Iowa, 513, 30 N. W. Rep. 862. The only case cited by appellee on this point that requires special mention is *Insurance Co. v. Tilley*, 88 Va. 1024, 14 S. E. Rep. 851. That insurance was on sixteen tenement houses, at one hundred and eighty-seven dollars and fifty cents on each, aggregating three thousand dollars. They were constructed in eight double houses, with lanes between, each of the sixteen being a separate and distinct tenement. The policy provided, "if the premises become unoccupied," etc. The court held that the insurance and condition as to non-occupancy, related to each house, and not to the whole, as one house. It does not appear, as in this case and in *Garver v. Insurance Co.*, *supra*, that the premium paid was a gross sum, or that the houses were intended to be occupied together, as are houses and barns such as those covered by the policy in suit.

II. The facts concerning the house are these: The fire occurred on Saturday night, January 30, 1892. On Wednesday preceding, one Shepherd, who occupied the house as plaintiff's tenant, moved out. Some time prior, plaintiff had occupied two rooms as a lodging, Shepherd's family occupying the other rooms. When plaintiff went elsewhere to lodge, he left a stove, two chairs, some picture frames, step ladder, pick, shovel, and hatchet in his rooms,

which remained in, and were destroyed with the house. Some weeks before Shepherd moved out, plaintiff rented the house to one Williams; and, on the Friday and Saturday preceding the fire, plaintiff, Mr. Williams, and some of Mr. Williams' family were engaged in repairing and cleaning the house, with the view to Mr. Williams moving into it on the Monday following. The policy expressly provides that the house was "to be occupied by a tenant, as a family residence only," and it was for three years. It must surely have been contemplated by the parties that there would be changes of tenants during the life of the policy, and that some time would intervene between the going out of one and the coming in of another. The condition against the premises becoming vacant must have been made in view of this probability, and it was not intended that the lapse of a reasonable time in changing tenants should render the policy void. Shepherd moved out on Wednesday, and returned the key to plaintiff on Thursday. Friday and Saturday, plaintiff and Williams, his tenant, occupied the house, cleaning and repairing it preparatory to Williams' moving in on Monday. Surely, the house was not vacant, within the meaning and intention of the parties, as expressed in the policy. *Eddy v. Insurance Co.*, 70 Iowa, 472, 30 N. W. Rep. 808. Our conclusion is that the court erred in sustaining defendant's motion on the second ground thereof.

III. We next consider the case as presented on defendant's appeal: On March 17, 1892, notice and proofs of the loss occurring January 30 were served on defendant's local agent at Keokuk, the agency from which the policy issued, and on March 20, said notice and proofs were received, through the mail, by the defendant. This action was commenced May 20, 1892,—less than ninety days from the time that notice and proofs of loss were given. Section 1734, McClain's Code, provides that no action shall be begun

on any policy of insurance within ninety days after notice of the loss has been given. This policy provides for the payment of the loss "within sixty days after due notice and satisfactory proof of same are received at its office in Des Moines." Plaintiff contends that by this provision the defendant waived the statutory requirement, and that, as payment was to be made within sixty days, an action could be commenced after the lapse of that time, and before the expiration of the ninety days. In *Taylor v. Insurance Co.*, 83 Iowa, 402, 49 N. W. Rep. 994, wherein the policy provided for payment within sixty days after notice and proof of loss, this court held that the statute was controlling as to the time of commencing an action, and that the action, having been begun before the expiration of ninety days, was prematurely brought. Pending arguments on defendant's motion for a verdict, plaintiff, with leave, filed an amendment to his petition, alleging that on February 11, 1892, defendant waived notice and proof of loss. This allegation was denied, and no evidence whatever offered to sustain it. There being no evidence, the allegation of waiver can not be considered, in passing upon the first ground of defendant's motion, even if it be true, as stated by plaintiff in argument, that evidence was not offered because of the ruling on the second ground of the motion. We think the action was prematurely begun, and that the motion should have been sustained, on the first ground thereof.

IV. Nannie M. Smith, having sold the insured property to plaintiff, assigned to him all her title and interest in the policy, defendant consenting thereto. Nannie M. Smith held a mortgage from plaintiff on the land and buildings, which mortgage had, prior to the fire, been assigned to George Engelhart, and on which six hundred dollars was unpaid. Plaintiff introduced in evidence a writing signed by said Engelhart, wherein he stated that he considered the real

estate ample security for his mortgage, and waived all claim under the policy. Pending the argument on defendant's motion, said Engelhart, by leave of court, filed his petition of intervention, disclaiming any interest in the policy. With such a disclaimer on file, Mr. Engelhart would surely be barred from ever claiming under the policy. The disclaimer required no proof, and, whatever might be the rule in its absence, with it in the case, the third ground of defendant's motion was properly overruled. It follows from the conclusions reached that on both appeals the judgment of the district court is REVERSED.