# FARM BUREAU MUTUAL INSURANCE
## COMPANY OF ARKANSAS, Inc. et al *v.*
### Tommy ROBINSON

77-212                                   562 S.W. 2d 53

Opinion delivered February 27, 1978
(Division I)

*Laser, Sharp, Haley, Young & Huckabay,* for appellants.

*Felver A. Rowell, Jr.,* for appellee.

GEORGE ROSE SMITH, Justice. On January 19, 1976, the appellee bought a house, obtaining the purchase price by means of a $20,148 mortgage to First State Bank of Morrilton. On the next day the appellee applied to the appellant's general agent for a $20,000 fire insurance policy on the house. The agent issued a binder with a loss payable clause naming the bank as its interest might appear. That night the house was accidentally destroyed by fire.

Upon the insurer's refusal to pay the claim Robinson brought this action for the full amount of the policy, asserting a total loss. The insurer denied that the loss was total and asserted liability only for the reasonable cost of repair. At a jury trial Robinson recovered the full amount sued for, together with penalty and attorney's fee. Two points for reversal are argued.

First, at the end of the trial the insurer moved for a directed verdict on the ground that the bank was the loss payee and was not a party to the action. It is now insisted that the motion should have been granted.

We do not think that the asserted defect of parties was properly raised. A defect of parties plaintiff is ordinarily waived if the defendant fails to object and ask that the other party be brought in. *Crawford County Bank* v. *Baker,* 95 Ark. 438, 130 S.W. 556 (1910); *Clark* v. *Gramling,* 54 Ark. 525, 16 S.W. 475 (1891). Here it was Robinson who owned the house and who applied for and received the binder. Thus he was at least a proper party to bring the action. A mortgagee may consent to the mortgagor's maintenance of an action upon a policy having a loss payable clause. *Worley* v. *State Ins. Co.,* 91 Iowa 150, 59 N.W. 16, 51 Am. St. Rep. 334 (1894); *Coates* v. *Pennsylvania Fire Ins. Co.,* 58 Md. 172, 42 Am. Rep. 327 (1881); Couch on Insurance (2d), § 74:342 (1968). Here it was to the appellant's interest to protect itself from any possibility of double liability by asking that the bank be brought into the case. Instead it apparently recognized Robinson as a proper plaintiff and defended the case on its merits. In the circumstances the attempt to raise the defect of parties by a motion for a directed verdict came too late.

Second, the insurer argues that the penalty and attorney's fee should not be recoverable, because it appeared from the testimony below that the premium had not been paid, which would reduce the plaintiff's recovery below the amount sued for. Under our statute it is mandatory that a defendant assert any set-off in its answer. Ark. Stat. Ann. § 27-1121 (Repl. 1962); *May* v. *Exxon Corp.*, 256 Ark. 865, 512 S.W. 2d 11 (1974). The appellant must have known that the premium, which had been charged to the appellee's account, had not been paid; but the possible set-off was not pleaded. Hence the appellee was entitled to, and did, recover the full amount sued for.

Affirmed, with an additional $1,500 attorney's fee to be allowed for services in this court.

We agree. HARRIS, C.J., and HICKMAN and HOWARD, JJ.