Mischke v. Baughn.

## MISCHKE v. BAUGHN.

1. **Warranty**: COVENANTS IN DEED: MEASURE OF RECOVERY. Where the plaintiff was the grantee of a portion of certain land conveyed to his grantor by the defendant, to which the title had failed, it was held that he could recover of defendant upon the covenants of warranty in the deed of the latter only a proportionate share of the consideration received for such deed, and that the burden of proof was upon the plaintiff to show the relative value of the portion purchased by him.

*Appeal from Pottawattamie District Court.*

MONDAY, DECEMBER 8.

THIS is an action for the recovery of damages for an alleged breach of warranty in the sale of a portion of lot 149 in the original plat of Council Bluffs, commencing at the northeast corner of said lot and running westerly on Broadway nineteen feet and five inches, and extending back the same width eighty-one and one-third feet, or half the distance from Broadway to Pierce Street. The cause was tried by the court, and a finding of facts was submitted as follows:

"1. That on the 1st of June, 1867, defendant conveyed the premises described in the petition to Henry Treadway, for nine hundred dollars, by deed with covenants against incumbrances, and warranting the title.

"2. That on June the 14th, 1867, Henry Treadway conveyed the same premises to the plaintiff.

"3. That at the time of conveyance of the premises by

defendant to Treadway the taxes thereon for 1866 remained due and unpaid.

"That on the 2d of December, 1867, the county treasurer sold said premises for said taxes, viz., twenty-nine dollars, to Ross & Hammer.

"5. On the 30th of October, 1872, the premises not having been redeemed, the treasurer executed to L. W. Ross, assignee of the certificate, a tax deed, regular in form, which was duly recorded 29th of July, 1873.

"6. On the 20th of November, 1875, J. T. Baldwin, grantee of said Ross, took possession thereof under said tax deed, claiming to be owner, and continued in actual possession.

"7. For several months before the 20th of November, 1875, the premises were vacant, no one being in actual possession.

"8. Plaintiff has not contested ownership with any one claiming under said tax deed, or in any manner disputed their right of possession since possession was taken by Baldwin."

From these facts the court found as legal conclusions:

"That there has been a breach of both covenants against incumbrances and of warranty, in deed of defendant to Treadway.

"That plaintiff is entitled to recover therefor, and the measure of recovery is the consideration, to-wit: nine hundred dollars, with six per cent interest from date of eviction, viz: March 20th, 1875."

Judgment was rendered in favor of plaintiff, pursuant to these findings. The defendant excepted and appealed.

*Sapp, Lyman & Ament* and *Mynster, Davis & Mickel,* for appellant.

*John H. Keatley* and *G. A. Holmes,* for appellee.

DAY, J.—The plaintiff does not claim damages from his immediate grantor, Treadway, but from Baughn, the grantor

1. WARRANTY: covenants in deed: measure of recovery.

of Treadway. The petition alleges that Baughn conveyed the premises above set out to Henry Treadway, and that Treadway conveyed said prem-

ises to the plaintiff, and the court so found. The exhibits attached to the petition, and made a part thereof, show that Baughn conveyed to Treadway eighteen feet and ten inches off the easterly side of lot 149, being the same width the full depth of said lot from Broadway to Pierce Street; and that Treadway conveyed to the plaintiff nineteen feet and five inches off of the easterly side of lot 149, and extending back eighty-one and one-third feet, or half the distance from Broadway to Pierce Street. So that, whilst the plaintiff, as shown by his petition, is the grantee of only one-half of the property conveyed by Baughn to Treadway, he has, by the judgment of the court, recovered the entire consideration paid Baughn, with interest at six per cent from the date of eviction. This is clearly erroneous. The plaintiff should recover of the nine hundred dollars only in proportion of value which the part of lot conveyed to him bears to the whole lot. For if the title to the balance of the lot fails it is clear that Treadway or his grantee should be indemnified; and it is equally clear that Baughn cannot be made liable to a greater extent than the consideration money and interest. Appellee insists, however, that the burden is upon the defendant to establish the relative value of the part of the lot conveyed to plaintiff, and that, as no such proof was introduced, the court properly charged the defendant with the consideration received for the entire lot. This position is not correct. The plaintiff asks relief, and the burden of proof is upon him to establish all the facts showing that he is entitled to relief, and to what extent. The judgment is

                                        REVERSED.