SABINA HEYN v. ALBERT F. OHMAN.

FILED NOVEMBER 9, 1894.   No. 5932.

Covenants of Warranty: ACTION FOR BREACH: EVIDENCE.
In an action for recovery of damages alleged to have resulted from breaches of defendant's covenants of warranty of title, and for quiet enjoyment, the plaintiff, to establish *prima facie* the breaches alleged, is required merely to prove that he has either been evicted or kept out of possession by one in actual possession claiming title paramount to his own. The presumption of title which then arises in favor of the party in possession must be overcome by proving title out of him, or both the aforesaid breaches may be deemed established by sufficient proof.

ERROR from the district court of Douglas county. Tried below before KEYSOR, J.

*Cavanagh, Thomas & McGillon*, for plaintiff in error, cited: *Real v. Hollister*, 20 Neb., 112; *Mills v. Rice*, 3 Neb., 85; Rawle, Covenants, 181, 308; *Sedgwick v. Hollenback*, 7 Johns. [N. Y.], 380; *Blanchard v. Hoxie*, 34 Me., 378; *Wait v. Maxwell*, 4 Pick. [Mass.], 87.

*A. C. Wakeley, contra*, cited: *West v. Pine*, 4 Wash. [U. S. C. C.], 691; *Ludlow v. McBride*, 3 O., 231; *Ward v. McIntosh*, 12 O. St., 240; *Robinoe v. Doe*, 6 Blackf. [Ind.], 85; *Hill v. Draper*, 10 Barb. [N. Y.], 454; *Jones v. Nunn*, 12 Ga., 469; *Nagel v. Macy*, 9 Cal., 426; *Shumway v. Phillips*, 22 Pa. St., 151; *Jones v. Bland*, 112 Pa. St., 176; *Brown v. Colson*, 41 Ga., 42; *Day v. Alverson*, 9 Wend. [N. Y.], 223; *Caldwell v. Kirkpatrick*, 6 Ala., 60; *Eakin v. Brewer*, 60 Ala., 579; *Douglas v. Ruffin*, 38 Kan., 530; *Spitznagle v. Vanhessch*, 13 Neb., 338.

RYAN, C,

The defendant in error recovered judgment against the plaintiff in error in the district court of Douglas county for the sum of $975 and costs, on account of breaches of covenants of warranty contained in a deed made in 1887 by plaintiff in error to defendant in error. The consideration recited in the aforesaid conveyance was the exact sum for which judgment was rendered. On the trial there was uncontradicted evidence that one Mary K. Lund, from the year 1885 up to the time of trial, had held undisputed possession of the premises described in the deed above referred to; that she had placed thereon a house and other improvements, and upon demand to that effect that she had refused to yield possession to the defendant in error.

An objection of the plaintiff in error was sustained to the introduction in evidence of a decree entered in the dis-

trict court of Douglas county and the pleadings whereon
the same was entered in a certain action in said court for-
merly pending, wherein the said Mary K. Lund had been
plaintiff and Richard C. Patterson, Pierce C. Himebaugh,
A. F. Ohman, and A. W. Baldwin had been defendants.
These parties named as defendants, including Ohman, the
defendant in error in this case, were such persons as had
held the title to the real property as to which this con-
troversy has arisen, except that there was an omission of
the plaintiff in error, who, therefore, previous to the in-
stitution of said action, had become substituted in her
place with respect to such rights as she had formerly pos-
sessed. In such an action, which was one by Mrs. Lund
to enforce specific performance of the contract to convey
the premises, under which contract she had taken and still
retained possession, the only parties necessary for plaintiff's
purpose were such as were parties to the contract under
which she claimed the right to specific performance, and the
holder of the interests conflicting with and claimed to be
paramount to her own at the time of action brought.
These were all made defendants and with a view of show-
ing that the defendant in error had actually been kept out
of possession. This decree was competent evidence of the
existence of a title paramount behind the possession adverse
to the defendant in error. The error of excluding this de-
cree is not, however, available to the plaintiff in error, for
it was her objection which prevented its introduction in
evidence. As has already been stated, there was shown an
adverse possession dating from a time long anterior to the
execution of the deed by plaintiff in error to defendant in
error. By the latter party a demand of possession had
been duly made and compliance with that demand has been
persistently refused. There has been no showing of such
title in the defendant in error as would justify the hope
that a suit for possession, if instituted, could successfully
be maintained against Mrs. Lund. In Tyler, Ejectment,

70, it is said : " It is a maxim of the law that the party in possession of lands is presumed to have a valid title thereto, and this presumption can be overcome only by proving title out of such party.    Indeed, it has been said that possession of real estate is *prima facie* evidence of the highest estate in the property; that is, a seizin in fee." The views which have just been expressed find support in *Ware v. McIntosh,* 12 O. St., 231 ; *Robinoe v. Doe,* 6 Blackf. [Ind.], 85; *Shumway v. Phillips,* 22 Pa. St., 151 ; *Jones v. Bland,* 112 Pa. St., 176 ; *Brown v. Feagins,* 37 Neb., 256.    The district court, therefore, properly held that an action of this character was maintainable, since the only question controverted was that above indicated.    Its judgment is, therefore,

AFFIRMED.