## CRAWFORD COUNTY BANK *v.* BAKER.

### Opinion delivered June 20, 1910.

1. COVENANTS—CONSTRUCTIVE EVICTION—TITLE IN GOVERNMENT.—When the title to land is in the State or the United States, that of itself is such a hostile assertion of a paramount title as will amount to a constructive eviction, sufficient to authorize a purchaser to maintain an action against his vendor for breach of the covenants of warranty. (Page 440.)

2. SAME—EXECUTORY CONTRACT TO CONVEY.—While the fact that the paramount title to land is in the State or Federal government is a breach of the covenant in a deed purporting to convey the title, it is not a breach of an executory contract to convey and warrant the title. (Page 440.)

3. LIMITATION OF ACTIONS—BREACH OF COVENANT OF WARRANTY.—A right of action for breach of a covenant of warranty contained in a deed, which covenant was broken at the time the deed was executed, accrued at the time the deed was executed. (Page 441.)

4. SAME—COVENANT OF WARRANTY—WHEN CAUSE ACCRUES.—A cause of action accrues immediately in favor of the grantee in a deed for breach of a covenant of warranty where the paramount title is in the State or the United States, and such cause of action does not run with the land. (Page 441.)

5. COVENANTS—ACTION FOR BREACH—PARTIES.—Where deed was executed to one as trustee for plaintiff, an action for breach of a covenant of war-

ranty therein contained could be brought either by the trustee for the benefit of plaintiff or by plaintiff as the real party in interest. (Page 442.)

6. PARTIES—NONJOINDER—WAIVER.—An omission to make a proper party plaintiff was waived by the defendant if he failed to object and ask that he be made a party.   (Page 442.)

7. EVIDENCE—PRESUMPTION AS TO OFFICIAL ACTS.—Proceedings of United State land officers as such are presumed to be regular until the contrary is shown. Thus, it will be presumed that the cancellation of a homestead entry was proper. (Page 442.)

8. APPEAL AND ERROR—HARMLESS ERROR.—Under the rule that the Supreme Court will not reverse for error that is not prejudicial, the error of rejecting proffered testimony will be deemed harmless unless its materiality appears. (Page 443.)

9. EVIDENCE—BEST TESTIMONY.—Oral testimony that final proofs of improvement were made by decedent and mailed to the register of the United States land office, and that final payment was made, was incompetent, in the absence of proof of loss of the original documents in the land office. (Page 443.)

10. APPEAL AND ERROR—INVITED ERROR.—Where the defendant in a suit for breach of warranty in a deed objected to testimony tending to prove plaintiff's expenses in perfecting title, and procured its exclusion, but acquiesced in plaintiff proving what he had paid for an outstanding paramount title, he cannot complain because the court instructed the jury that plaintiff could recover the purchase price and interest, instead of the expenses of perfecting title. (Page 444.)

Appeal from Crawford Circuit Court; *Jeptha H. Evans,* Judge; affirmed.

*Sam R. Chew* and *Jesse Turner,* for appellant.

The burden was on appellee to establish a breach of covenants, and to show the existence of a paramount outstanding title. 11 Cyc. 1152-3; 33 Ark. 833; 47 Ark. 300; 74 Ark. 202. When a party complies with all the requisites necessary to entitle him to a patent, a subsequent grant of the same land to another is void. 98 U. S. 121; 101 U. S. 260; 49 Ark. 88; 9 How. 333; 44 Ark. 452; 31 Ark. 279; 26 Ark. 54; 76 Ark. 525; 80 Ark. 365; 176 U. S. 448; 57 Fed. 516; 13 Wall. 72. No right of action ever accrued to appellee. 74 Ark. 350; 7 Ark. 132; 3 N. C. 82; 1 Met. 450; 32 Ark. 714; 113 N. W. 870; 29 So. 386; 28 N. E. 1182; 4 N. W. 1035; 48 S. W. 385. The cause of action was barred. 8 Ark. 368; 42 W. Va. 753; 59 Ark. 629; 1 Ark. 313; 7 Ark. 153; 85 Ark. 589. As to the measure of damages, see 33 Ark. 643; 54 Ark. 195; 59 Ark. 195; 23 Ark. 629; 48 Tex. 355; 58 Tex. 471; 21 S. W. 172.

*C. A. Starbird,* for appellee.

There was a breach of covenants contained in the deed. 14 Ark. 286; 47 Ark. 351; 8 Ark. 192; 41 Ark. 465; 31 Ark. 279. Title in the State or Federal Government works a constructive eviction. 33 Ark. 593. A right of action did accrue to J. W. Baker. 26 Ark. 344; *Id.* 445; 39 Ark. 309; 40 Ark. 62; 79 Ark. 69. And his cause of action was not barred. 66 Ark. 464.. The money paid, with six per cent interest, is the measure of damages. 59 Ark. 635.

McCULLOCH, C. J. This is an action at law instituted by J. W. Baker against the Crawford County Bank to recover damages for alleged breach of covenants of warranty of title to land conveyed by deed. The defendant executed to one T. B. Baker on December 21, 1903, a deed with full covenants of warranty of title, etc., purporting to convey, for a consideration of $275, a certain described forty-acre tract of land situated in Crawford County, Arkansas. On December 26, 1903, T. B. Baker conveyed the land to plaintiff, J. W. Baker. The defendant had previously, on Oecember 22, 1900, entered into a written contract with T. B. Baker, whereby it agreed to sell said land to him for said price, and undertook on payment of same to convey the land to him by deed, with warranty of title. This action was commenced in July, 1908, which was less than five years after the date of defendant's deed to T. B. Baker.

Plaintiff undertook to prove that the defendant had no title to the land which it had attempted to convey, and that title paramount was in the United States Government; and contended that the action could, under those circumstances, be maintained by plaintiff without actual eviction having been suffered.

It is well settled in this State and elsewhere that when the title to land is in the State or the United States, that of itself is such a hostile assertion of the paramount title as will amount to a constructive eviction, sufficient to authorize a purchaser to maintain an action against his vendor for breach of the covenants of warranty. *Dillahunty* v. *Railway Company,* 59 Ark. 629; *Seldon* v. *Dudley E. Jones Co.,* 74 Ark. 348.

Learned counsel for the defendant (appellant) first insist that if paramount title was in the United States, as contended by plaintiff, that constituted an immediate breach of the covenant to convey perfect title contained in the contract of Decem-

ber 22, 1900, and that the cause of action arose then, if at all, and was barred by the statute of limitations before the commencement of this action. We are unable to agree with counsel that there was a breach of the covenant contained in the sale contract, or title bond, before the deed was executed or the time arrived, according to the contract, for the execution of the deed. Until that time arrived the contract remained executory, and there was no breach until the obligor failed to perform it according to its terms. The obligation was to convey a perfect title, but the obligor was not in default until it failed to do so at the stipulated time. For if the title rested in the Government or elsewhere, the obligor could have acquired it in order to fulfill the contract, and thus prevented a breach of the covenant of seisin; but paramount title in the Government or elsewhere could not constitute a breach of the executory contract to convey and warrant the title.

Counsel rely on the case of *Tarwater* v. *Davis,* 7 Ark. 153, but we do not think the decision in that case conflicts with these views. There the instrument purported to convey the land, and contained the further covenant "to make and deliver, when required, good and sufficient deed in fee simple, with warranty of title." The trial court sustained a demurrer to the complaint, which sought to recover damages for an alleged breach of covenant, and which alleged that the covenantor was not the owner of the land; but it failed to allege that a demand had been made for the performance of the contract. The court held that demand was unnecessary, for the reason that the covenantor was unable to execute a conveyance according to his contract, not being the owner of the land at the time of the execution of his covenant nor having acquired title thereto subsequently. That is all that was involved in that decision.

But, even if we were wrong in this conclusion, the action is not barred. The executory contract of sale became merged in the deed, and the covenants contained in the latter constituted a new point from which the statute began to run. We hold that the right of action accrued at the time the deed was executed, for the breach of covenant occurred then if the title was in the United States.

It is next insisted that the right of action accrued immediately in favor of the grantee, T. B. Baker, if it accrued at all,

and did not run with the land. *Hendricks* v. *Keesee,* 32 Ark. 714; *Dillahunty* v. *Railway Co., supra; Seldon* v. *Dudley E. Jones Co., supra.* This is correct. But the undisputed evidence is that T. B. Baker purchased the land for the plaintiff, and that the latter paid for it. T. B. Baker took the conveyance in his own name, but, until he conveyed it to plaintiff a few days later, he held as trustee for the plaintiff. The action could have been maintained in the name of T. B. Baker, as the covenant was executed to him for the benefit of plaintiff (Kirby's Digest, § 6002) ; but plaintiff is the real party in interest, and the action was properly instituted in his own name (Kirby's Digest, § 5999). T. B. Baker would also have been a proper party; but defendant waived the omission to make him a party by failing to object and to ask that he be made a party. *Clark* v. *Gramling,* 54 Ark. 525.

Was there a breach of the covenant of warranty, and if so, was the breach properly established by evidence? There was an original homestead entry of the lands in the United States Land Office at Dardanelle on June 3, 1870, by Nancy Butler, under which the defendant deraigns its claim of title by mesne conveyances. Plaintiff introduced in evidence a certificate issued to him by the Register of the United States Land Office at Dardanelle, dated December 24, 1907, showing that on his contest against one Rufus Tindle, homestead entry No. 2605 was cancelled, and that the land was subject to his (plaintiff's) preferred right of entry within thirty days as occupant. He also introduced the receipt of the Receiver of the Land Office, dated January 6, 1908, showing that he had entered the land as a homestead. It is not contended in argument that the Nancy Baker entry was not cancelled before the subsequent cancelled entry by Tindle and later by plaintiff, but it is insisted that the cancellation was without notice and void, at least that there was no proof of notice.

There is a presumption attending the regularity of the proceedings of the officers of the United States Land Office, as well as all other officers, and this presumption prevails until overcome by proof. *Polk's Lessee* v. *Wendell,* 9 Cranch (U. S.) 86; *Minter* v. *Crommelin,* 18 How. 87; *Delassus* v. *United States,* 9 Pet. 117; *Strother* v. *Lucas,* 12 Pet. 410.

Thus, it is presumed until the contrary appears from proof, that the old homestead entry of Nancy Butler was properly cancelled. "The National Government being the original source of title in this State, the presumption of law is that the title remained with the Government until some other disposition is shown." *Shorman* v. *Eakin,* 47 Ark. 351.

Defendant offered to show by oral testimony of a witness that the notice of cancellation of Nancy Butler's homestead entry (she being now dead) was never given to her, but the court rejected the offer and refused to admit the testimony. The offer was not sufficiently specific to make it effective as the basis of an assignment of error, for it was not shown how the witness could have given testimony establishing or tending to establish the fact that Nancy Butler was dead at the time of the trial, and never received notice of the proceedings to cancel her entry. The witness might have testified that the notice of the proceedings came through the mail to Nancy Butler after her death, but that would not have been sufficient to overcome the presumption that notice was given to those entitled thereto, and that the cancellation was regular. It is the duty of this court not to reverse judgments for technical errors or irregularities unless it appears that prejudice resulted; and unless it be shown that the rejected testimony was material, so that it might have affected the result of the trial, no prejudice appears.

Plaintiff offered to show by oral testimony of the same witness that the final proofs of improvement were made by Nancy Butler and mailed to the Register of the land office, and final payment made. No foundation for the introduction of this testimony was laid or offered. It was secondary testimony, and not competent until loss of the original testimony was proved. If the proof was presented and filed in the land office, the original or certified copies constituted the best evidence. There was no error in this ruling.

The court, over the defendant's objection, instructed the jury peremptorily to return a verdict for the plaintiff and assess the damages at the sum of the purchase price paid for the land in question, together with interest thereon at the rate of six per cent. per annum from the date of the purchase. It is insisted that, inasmuch as the plaintiff, instead of giving up the land and suing for the damage, had proceeded to acquire the

outstanding paramount title of the Government, his recovery of damages should be limited, under the rule laid down by this court in *Dillahunty* v. *Railway Co., supra,* to the expenses necessarily incurred in purchasing the outstanding title. Plaintiff exhibited with his complaint an itemized account of his expenses incurred in canceling the Rufus Tindle entry and in reentering the land as a homestead. The principal, item of this account is $125 paid out for attorney's fees. During the progress of the trial he proceeded to introduce proof as to the items of this account, and offered to show that he paid out a sum for attorney's fees; but on the objection of the defendant the court excluded this testimony. Plaintiff thereupon abandoned his effort to prove the items of expense in the account, and turned to the other elements of damages, viz., the amount of purchase price paid for the land and the time of payment, and no objection was made to that testimony.

It is clear, from a perusal of the record, that the court by its rulings upon the admission of testimony held that the plaintiff's measure of damages was the amount of the purchase price with interest, and not the expenses incurred in acquiring the outstanding title. Defendant invited this ruling by objecting to the admission of testimony as to the expenses, and by acquiescing in it by failing to object to the testimony establishing the other measure of damages. The error of the court, if it was error, was therefore invited by the defendant's own conduct, or at least was acquiesced in. It is true that, after the introduction of testimony was closed, the plaintiff asked the court to give a line of instructions the last of which told the jury that the amount of plaintiff's recovery should be "limited to the sum the evidence shows was necessary to homestead the land in controversy." But this was after the court had, upon defendant's objection, excluded from the jury evidence as to that measure of damages. It was too late then, after the defendant had been instrumental in excluding evidence on that measure of damages, to ask that the recovery of damages be limited to it instead of another measure of damages, to the proof of which the defendant had offered no objection.

Upon the whole we are convinced that there was no prejudicial error committed by the court, and the judgment is therefore affirmed.