JOHNSON *v.* POLK.

Opinion delivered March 16, 1925.

1. JUDGMENT—RES JUDICATA.—The right of a grantee to recover damages for the grantor's failure to remove a mortgage incumbrance was barred by the decree in a former action involving the same parties, and in which the same relief was sought.

2. COVENANTS—BREACH OF WARRANTY.—There was no breach of warranty in a conveyance by reason of a mortgage on the land where the grantor discharges same before delivering the deed.

3. COVENANTS—BREACH.—An action does not lie for breach of a covenant against incumbrances unless the grantee has suffered an eviction under paramount title or been forced to remove the incumbrance.

Appeal from Clay Circuit Court, Western District; *G. E. Keck,* Judge; affirmed.

McCULLOCH, C. J. This is an action instituted by appellant against appellee to recover damages for alleged breach of a covenant in connection with the sale of a tract of land in Clay County. The material facts of the case are undisputed, and the trial court gave a peremptory instruction to the jury in favor of appellee.

The parties entered into a contract in the year 1919 whereby appellee sold and agreed to convey to appellant by warranty deed the tract of land in question, for the price of $4,600, payable $1,000 cash, $1,000 September 15, 1919, which was subsequently paid, and the balance of $2,600 at the end of two years, with interest. Appellee had purchased the land from J. A. Dudgeon, subject to a mortgage given by Dudgeon to the Maxwell Investment Company to secure a loan of $1,500. Appellee agreed, in his contract with appellant, to pay off the debt to the Maxwell Investment Company and thereby remove the incumbrance. Appellant executed to appellee notes for the $2,600 balance of the purchase money, and these notes were assigned by appellee to the Corning Bank & Trust Company. Appellee executed a deed of conveyance to appellant, with full covenants of warranty, and delivered the same to the Corning Bank & Trust Company for delivery to appellant on payment of the notes. Subse-

quently appellant executed a mortgage to the bank to secure the payment of the notes. Appellee later paid off his debt to the bank, and the notes of appellant were reassigned to him by the bank. Appellant also executed a mortgage to the First National Bank of Corning to secure a debt. Appellant failed to pay his notes to appellee, and also failed to pay his debt to the First National Bank.

The Maxwell Investment Company instituted an action in the chancery court against the heirs of J. A. Dudgeon, deceased, to foreclose the mortgage on the land, and the parties to this action as well as the First National Bank were made parties as junior lienors and claimants. Appellee answered the complaint, admitting the prior lien of the Maxwell Investment Company, and filed a cross-complaint against appellant asking for a foreclosure of the mortgage executed by appellant to the Corning Bank & Trust Company to secure the balance of the purchase money debt. The First National Bank appeared and filed a cross-complaint against appellant, and asked for a foreclosure of its mortgage, subject to the prior liens of the Maxwell Investment Company and appellee.

Appellant answered the cross-complaint of appellee, making his answer a cross-complaint, setting forth a contract of purchase from appellee and alleging the latter's failure to discharge the incumbrance of the Maxwell Investment Company, alleging that he (appellant) had been damaged in the sum of $1,000 by reason of his inability to procure a loan on the land, and that the failure to obtain the loan was caused by appellee's omission to pay the debt to the Maxwell Investment Company. The prayer of appellant's cross-complaint was that appellee be compelled to "satisfy, pay and settle the mortgage of the plaintiff herein against said lands, and that this defendant be allowed a reasonable time thereafter for the satisfaction of said debt," and that appellant be given judgment against appellee for $1,000 damages.

The Maxwell Investment Company dismissed its action, but the cause proceeded to a final decree in favor of appellee against appellant for the foreclosure of the mortgage executed by appellant to the Corning Bank & Trust Company, and also the foreclosure of the mortgage to the First National Bank of Corning.

There was a decree against appellant on his cross-complaint against appellee, and that decree was pleaded below in the present action in bar of appellant's right to recover damages for the alleged breach of covenants.

Appellee paid off the debt to the Maxwell Investment Company, thus removing the incumbrance on the land, and, shortly after the decree in the original action, appellee delivered to appellant the warranty deed which had been formerly executed and placed in the hands of the Corning Bank & Trust Company. In the present action appellant alleges that appellee failed to pay off the mortgage debt to the Maxwell Investment Company and thereby prevented him from procuring a loan on the land with which to pay the purchase money debt. He claimed damages to the same amount and on the same ground as in the former action.

We are of the opinion that the court was correct in its peremptory instruction to the jury in favor of appellee. If appellant sustained any damage by reason of the failure of appellee to remove the incumbrance on the land, his rights were forever barred by the decree in the original action, to which both appellee and appellant were parties, and in which appellant asserted the same right of action and prayed for the same relief as in the present action. But appellant contends that the decree in the original action was not a bar to the present action, for the reason that this one is to recover on account of a breach of the covenants of warranty contained in the deed, which was not delivered until after the former decree was rendered. The answer to that contention is that there has been no breach of the covenants of warranty in the deed itself. This is so, because, according to the undisputed evidence, appellee paid the

debt to the Maxwell Investment Company and thereby
discharged the incumbrance. It is also true because of
the fact that appellant has not suffered an eviction under
paramount title, nor has he been forced to remove the
incumbrance, and no cause of action for breach of the
covenants of warranty in the deed has arisen. *Dilla-
hunty* v. *Railway Co.*, 59 Ark. 629; *Seldon* v. *Dudley E.
Jones Co.*, 74 Ark. 348; *Crawford County Bank* v. *Baker*,
95 Ark. 438.

The original decree against appellant was for the
recovery of his own debt, and not for recovery on a prior
incumbrance, hence he is not entitled to any relief from
that burden. So, in any view of the case, appellant has
shown no right of action, and the court's ruling against
him was correct.

Affirmed.