EAST CANYON LAND & STOCK CO. v. DAVIS & WEBER COUNTIES CANAL CO. et al.

No. 4235. Decided May 13, 1925. Rehearing denied August 13, 1925.
(238 P. 280.)

1. COVENANTS—GENERAL WARRANTY AND QUIET ENJOYMENT RUN WITH LAND. ACTION MAINTAINABLE BY REMOTE GRANTEE. Covenant of general warranty and for quiet enjoyment runs with land, and action for breach may be maintained by remote grantee purchasing in reliance thereon.[1]

2. COVENANTS—THAT PARAMOUNT SOVEREIGNTY WAS IN UNITED STATES HELD CONSTRUCTIVE EVICTION SUFFICIENT TO SUPPORT ACTION FOR BREACH OF WARRANTY. In action for breach of warranty of title to realty, where original grantor was in possession under permit from United States, allegation that title was

Appeal from Second District.

in United States *held* sufficient allegation of constructive eviction to support action as against demurrer.

3. COVENANTS—STATUTE OF LIMITATIONS APPLICABLE TO ACTION FOR BREACH OF WARRANTY OF TITLE. Statute of limitations applies to action against original grantor for breach of warranty of title, although covenant in such case runs with land.

4. PROPERTY—PRESUMPTION IS THAT POSSESSOR OF LAND HAS TITLE. Where one is in possession of land, presumption is he has title.

5. LIMITATION OF ACTIONS—CONSTRUCTIVE EVICTION FOR PURPOSE OF APPLYING STATUTE HELD NOT TO TAKE PLACE UNTIL PLAINTIFF BECAME AWARE OF OUTSTANDING TITLE. In action for breach against original grantor of real estate who was in possession under a permit from United States. *held* that the constructive eviction for the purpose of applying statute of limitations, Comp. Laws 1917, § 6466, subdiv. 2 did not take place until plaintiff became aware that outstanding title was in United States, and therefore, where action was begun within a year thereafter, demurrer on ground that action was barred was improperly sustained.

6. COVENANTS—DAMAGES FOR BREACH OF GENERAL WARRANTY PURCHASE PRICE RECEIVED BY DEFENDANT. The measure of damages for loss of the land conveyed under general warranty is the agreed purchase price with interest, and, where plaintiff elects to sue remote grantor, the amount of recovery is controlled by the purchase price received by him, not by what plaintiff paid to his immediate grantor.[1]

Appeal from District Court, Second District, Weber County; *Geo. S. Barker,* Judge.

Action by the East Canyon Land & Stock Company against the Davis & Weber Counties Canal Company and others. From a judgment dismissing the action upon demurrer, plaintiff appeals.

---

[1] *Van Cott* v. *Jacklin,* 63 Utah, 412, 226 P. 460.
Headnote 1. 15 C. J. pp. 1248, 1300.
Headnote 2. 15 C. J. p. 1305.
Headnote 3. 15 C. J. p. 1299.
Headnote 4. 22 C. J. p. 126, 32 Cyc. p. 677.
Headnote 5. 15 C. J. p. 1299.
Headnote 6. 15 C. J. pp. 1318, 1320.

REVERSED AND REMANDED, with directions.

*John C. Davis,* of Ogden, for appellant.

*Pratt & Pratt,* of Ogden, for respondents.

FRICK, J.

On the 17th day of June, 1924, the plaintiff, a corpora-
tion, commenced this action in the district court of Weber
county against the Davis & Weber Counties Canal Company,
a corporation, and other defendants, to recover upon an al-
leged breach of warranty in a deed of conveyance. After
stating the necessary matters of jurisdiction and inducement,
it is in substance alleged that on the 11th day of August,
1915, the defendant Davis & Weber Counties Canal Com-
pany, hereinafter called principal defendant, made and de-
livered to the Steed Operating Company, a corporation, a
warranty deed whereby it conveyed to said company certain
real estate, a copy of which deed is attached to and made a
part of the complaint; that thereafter, on the 5th day of
September, 1916, said Steed Operating Company conveyed
by warranty deed said premises to one Thomas J. Steed,
one of the individual defendants to this action; that there-
after, on February 14, 1919, said Thomas J. Steed and wife,
by warranty deed, conveyed a portion of the premises origi-
nally conveyed by warranty deed by the principal defendant
as aforesaid to the plaintiff, and the plaintiff went into pos-
session under said deed from said Steed of the premises by
him conveyed. Copies of all deeds hereinbefore mentioned
in which the property in question is specifically described
were attached to and made part of the complaint.

It is further alleged in the complaint:

"That at the time the plaintiff herein received from said Thomas
J. Steed and Annie D. Steed, his wife, the conveyance by warranty
deed of the property described in paragraph 7 herein, said plaintiff
knew of and depended upon the warranty deed of the defendant
Davis & Weber Counties Canal Company and did not know that the
defendant Davis & Weber Counties Canal Company, and the other

defendants herein mentioned, were without right or title in making such conveyance of the property described in paragraph 7 herein until on or about the month of July, 1923."

It is further alleged "that at the time of the making of said deed, and prior thereto, said Davis & Weber Counties Canal Company was in possession of said ground under a permit from the United States of America for reservoir purposes," and that during all of the times mentioned in the complaint the title to the real estate in question was, and the same now is, in the United States of America; that by reason that the title is in the United States of America, the plaintiff has not been able to acquire title and is wholly deprived of the same.

It is finally alleged:

"That by reason of the defendant Davis & Weber Counties Canal Company conveying and warranting said premises described in said paragraph 7 to the said plaintiff herein and to the said plaintiff's predecessors in interest through whom the title passed by warranty deed from said defendant Davis & Weber Counties Canal Company to the plaintiff herein, and by reason of the lack of title upon the part of the said defendant Davis & Weber Counties Canal Company, and other defendants herein through whom title was attempted to pass to plaintiff, said plaintiff has been damaged in the sum of $1,400."

There are other allegations in the complaint, but they are not controlling, and hence need not be set forth.

Plaintiff prays judgment for the amount last stated, with interest.

The principal defendant interposed a demurrer to the complaint upon the grounds: (1) That the same "does not state facts sufficient to constitute a cause of action"; and (2) that the cause of action, if any ever existed, "is barred by subdivision 2, § 6466, Comp. Laws Utah 1917."

Whether any of the other defendants ever appeared in the action the record certified up does not disclose.

The demurrer of the principal defendant was sustained, but upon what ground does not appear. The plaintiff electing to stand on its complaint, judgment dismissing the action was duly entered, from which this appeal is prosecuted. The

errors assigned are that the court erred in sustaining the demurrer and in dismissing the action.

We remark, the principal defendant in its brief contends that the action is based upon the covenant of ''seizin and a right to convey,'' which does not ''run with the land,'' and hence the action is barred as against it. The action is, however, clearly based upon the covenant of warranty and quiet enjoyment, which runs with the land. This court, following the overwhelming weight of authority, has so held. *Van Cott* v. *Jacklin,* 63 Utah, 412, 226 P. 460.

The principal defendant, however, also vigorously contends that the plaintiff must fail if for no other reason than that it is not alleged that it has been actually evicted from and dispossessed of the premises in question. It is true that the general rule is to the effect that where one seeks to recover for a breach of the covenant of warranty of title, he must allege an eviction by one having the paramount or better title. There are, however, exceptions to the general rule which are as firmly established as the rule itself. In the following cases the exception to the general rule is recognized and applied: *Kansas P. Ry.* v. *Dunmeyer,* 19 Kan. 539; *Herrington* v. *Clark,* 56 Kan. 644, 44 P. 624; *McGary* v. *Hastings,* 39 Cal. 360, 2 Am. Rep. 456; *West Coast M. & I. Co.* v. *West Coast Imp. Co.,* 25 Wash. 627, 66 P. 97, 62 L. R. A. 763; *Dillahunty* v. *Railway Co.,* 59 Ark. 629, 27 S. W. 1002, 28 S. W. 657; *Seldon* v. *Dudley E. Jones Co.,* 74 Ark. 348, 85 S. W. 778; *Crawford County Bank* v. *Baker,* 95 Ark. 438, 130 S. W. 556; *Quinn* v. *Lee Wilson & Co.,* 137 Ark. 69, 207 S. W. 211; *Pevey* v. *Jones,* 71 Miss. 647, 16 So. 252, 42 Am. St. Rep. 486. While there are other cases to the same effect, it is not necessary to refer to them, especially as the foregoing clearly illustrate the trend of the decisions.

In *Kansas P. Ry.* v. *Dunmeyer,* supra, it is held that while it is true that under the covenant of warranty the purchaser must plead an eviction, ''yet,'' says the court, ''where the title to the land in controversy is in the United States, * * * that of itself is such a hostile assertion of the paramount title as would authorize the purchaser to voluntarily

submit to it.'' The foregoing statement is reiterated and followed by the same court in *Herrington* v. *Clark,* supra, which case is affirmed by the United States Supreme Court in 186 U. S. 206, 22 S. Ct. 872, 46 L. Ed. 1128. In the later Kansas case it is further said:

"The claim that plaintiff must fail because he did not resist the entry of Cox is without force, if the paramount title was in the United States."

Cox claimed title from the United States, which he obtained after the conveyance to the plaintiff in that action. It was therefore held that in view that the title was in the United States when the plaintiff obtained his deed, he was not required to resist the grantee from the United States, but could yield to his title and bring an action on the covenant of warranty and recover the purchase price.

*McGary* v. *Hastings,* supra, is one of the leading cases, if not the leading case, upon this subject, and is referred to in almost all of the cases we have cited and in other cases. It is there said:

"Although there must be an eviction, it is not necessary that there should be an actual dispossession of the grantee. If the paramount title is so asserted that he must yield to it, or go out, the covenantee may purchase or lease of the true owner and this will be considered a sufficient eviction to constitute a breach."

We shall hereinafter refer to this case again.

In *West Coast M. & I. Co.* v. *West Coast Imp. Co.,* supra, the title was discovered to be in the state of Washington, a few years after the purchaser went into possession, and he yielded to the paramount title of the state by purchasing from it without an actual eviction. It was held that the purchaser could so yield and recover upon the covenant of warranty. Such is the effect of all of the decisions where the title is discovered to be in the sovereign, whether it be in the state or in the United States. The authorities, therefore, leave no room for controversy that, where the paramount title is in the sovereign, the purchaser may safely yield to that title, and that so yielding constitutes a constructive eviction which is sufficient to support an action on the covenant of warranty. The authorities are also clear

that in such circumstances the purchaser need not yield up actual possession, but may, if he can and chooses to do so, purchase or acquire the paramount title while he is in possession. Upon the other hand, we cannot see how it could affect the rights of the purchaser in sustaining his action on the covenant of warranty if he could not, or did not choose to, acquire the title to the land but yielded, or was compelled to do so, to the paramount title. There is therefore no question that under the averments of the complaint, all of which are admitted by the demurrer, the paramount title to the land in question at the time the conveyance was made and when this action was commenced was outstanding in the United States, and that if plaintiff cannot acquire title from the United States he cannot acquire it at all. If we assume, however, that defendant could acquire the title from the United States, the covenant of warranty would still have been broken. We are of the opinion, therefore, that under the conceded facts there was a constructive eviction, which is sufficient under the authorities to support an action on the covenant of warranty.

This brings us to the question of the statute of limitations. The plaintiff contends that in view that the covenant of warranty runs with the land, the statute of limitations does not apply. The case of *Wilder* v. *Davenport,* 58 Vt. 642, 5 A. 753, is cited in support of the contention. It is so held in that case. No reason is assigned by the court, and we have not been able to discover any, why the statute of limitations should not apply to the covenant of warranty as well as to the other covenants usually contained in warranty deeds. Nor have we, after a diligent search, been able to find any other case which supports the Vermont decision.        3 Upon the other hand, the cases are numerous, among which are those hereinbefore cited, in which it is held that the statute of limitations applies to the covenant of warranty. In addition to the cases hereinbefore cited, we also refer to the case of *Hayden* v. *Patterson,* 39 Colo. 15, 88 P. 437, where the question is discussed. We are of the opinion,

therefore, that plaintiff's contention in this regard cannot be sustained.

The question therefore arises: When does the statute of limitations begin to run? The authorities are unanimous that in case of an actual eviction the statute begins to run from that time. In such cases therefore, there is usually no difficulty in determining the question of limitations. But the question is: When does the statute begin to run in a case like the one at bar, where there is merely a constructive eviction?

Referring again to *McGary* v. *Hastings*, where the court, in discussing the question of when the cause of action arose, says:

"The cause of action, however, did not accrue until an eviction, actual or constructive. In this case that would be at the time the plaintiff entered and began to hold under the paramount title."

In that case the plaintiff had purchased the premises some years prior to the time it was discovered that the title was outstanding in the United States. When the plaintiff obtained that information, he demanded a return of the purchase money from his grantor, which was refused. The plaintiff in that action, while continuing in possession of the premises, obtained the right from Congress to pre-empt and purchase the premises from the United States, which he did. He thereupon brought the action to recover on the covenant of warranty, and a general demurrer was sustained to his complaint. On appeal it was contended, in support of the demurrer, that the action was barred; but the court held, as above indicated: (1) That an actual eviction was not necessary, and (2) that the statute of limitations did not begin to run until the plaintiff recognized and yielded to the paramount title of the United States, which was when he pre-empted the land from the United States under the act of Congress. To that effect is also the holding in nearly all of the other cases hereinbefore cited, that is, it is held that where the title is in the sovereign no actual eviction is necessary, and that a constructive eviction occurs when the purchaser recognizes the paramount title and yields to it.

In the case at bar, it is alleged in the complaint, and admitted by the demurrer, that the plaintiff did not know that the outstanding title was in the United States until July, 1923, or less than one year prior to the commencing of his action. True, it is held in *Pevey* v. *Jones,* 71 Miss. 647, 16 So. 252, 42 Am. St. Rep. 486, that where the land has been unoccupied public domain, the covenant of warranty is broken immediately upon the delivery of the deed. It is, however, frankly stated in the opinion in that case that the court is "not aware of any direct authority" to that effect. The court, however, held that the statute of limitations began to run at the time the deed was delivered.

In *Quinn* v. *Lee Wilson & Co.,* 137 Ark. 69, 207 S. W. 211, it was said, in the course of the opinion, that where the land had been unoccupied public land, the statute begins to run from the delivery of the deed of conveyance containing the covenant of warranty. The court in that case, however, did not apply that doctrine because the land there in question, as it is here, was not open and unoccupied. It is there said:

"The mere ownership by the government did not, we think, constitute such assertion of ownership, as would be deemed to constitute constructive eviction."

It was, therefore, held in that case that the statute did not begin to run from the date that the deed was delivered but from the date the paramount title was recognized and acknowledged, as was held in the California case, supra. When the prevailing presumption, which 4 applies in case the grantor is in possession at the time of conveyance, is kept in mind, the doctrine laid down in the California and the Washington and other cases is both logical and sound. Where one is in possession of land, the presumption is that he has title to the same.

In Newell on Ejectment, 433, the law in that regard is stated thus:

"Possession of land is prima facie evidence of title, and is sufficient evidence of title as against all persons but one who can show either a prior possession or a better title."

In *Heyn* v. *Ohman*, 42 Neb. 693, 60 N. W. 952, the Supreme Court of that state quotes and adopts the rule as laid down in Newell on Ejectment in the following words:

"It is a maxim of the law that the party in possession of lands is presumed to have a valid title thereto, and this presumption can be overcome only by proving title out of such party."

As we have seen, it is alleged in the complaint, and admitted by the demurrer, that at the time the warranty deed was made and delivered by the principal defendant it was in possession of the premises pursuant to the consent or permit of the government. All persons dealing with the land, therefore, had a right to rely upon the presumption that the principal defendant had lawful authority to sell and convey the same. Moreover, they had a right to assume that the principal defendant would comply with its covenant of warranty, and that if the title were lawfully assailed it would defend the same. In view, therefore, that the principal defendant was in possession, and its successors in interest were likewise in possession, which possession was finally surrendered to the plaintiff by its immediate grantor, the plaintiff had a right to rely upon the presumption heretofore referred to. When it learned, however, that the title was in the United States, under all the authorities, it also had the right to recognize that title and to yield to it, and that its act in so yielding, in law, constituted a constructive eviction which would support an action on the covenant of warranty. In view that the covenant of warranty runs with the land, the plaintiff had the legal right to sue the principal defendant as the first warrantor of the title. We therefore can see no escape from the conclusion that the district court erred in sustaining the demurrer.

In view that the judgment must be reversed, and for the reason that the parties did not agree upon what constitutes the legal measure of damages in such cases, we are required to pass upon that question as a guide to the trial court in disposing finally of the case.

The measure of damages in a case like the one at bar is stated to be the value of the land as the same is ex-

pressed by the parties in fixing the purchase price for        6
the same, with interest. It is not the value of the
land at the time of eviction, either actual or constructive, but
the value as the same is reflected in the purchase price at
the time of the purchase. *Van Cott* v. *Jacklin,* supra.

The judgment is reversed, and the cause is remanded to
the district court of Weber county, with directions to pro-
ceed with the cause in accordance with the views herein ex-
pressed.

GIDEON, C. J., and THURMAN, CHERRY, and
STRAUP, JJ., concur.

## On Application for Rehearing.

PER CURIAM. Respondent Davis & Weber Counties
Canal Company has filed an application for rehearing. The
argument in support of the application for rehearing merely
goes over the same ground covered in the original brief and
argument. We have discovered no reason for changing the
original opinion.

It is, however, urged that the rule or measure of damages
stated in the opinion is ambiguous. Had counsel taken the
pains to examine the authorities to which reference is made
in *Van Cott* v. *Jacklin,* 63 Utah, 412, 226 P. 460, to which
reference is made in the opinion, they would have had no
cause to complain. In view, however, that counsel seems to
be in doubt, we will here state the measure of damages that
is adopted by the weight of authority in this country in
cases where a grantee elects to sue upon the covenant of the
original grantor rather than to sue his immediate grantor.
In such an action the measure of damages is tersely and
clearly stated in 15 C. J. p. 1320, § 223, in the following
words:

"The measure of recovery by the person evicted is not neces-
sarily determined by the amount paid by him to his immediate
grantor, but is controlled by the amount received by the grantor
in the chain of title, to whom he elects to look for compensation
for the eviction."

In this case the plaintiff elected to sue and recover from the respondent, who was not plaintiff's immediate grantor. Plaintiff, thus, could recover only the amount that respondent received for the land with interest; that is, the purchase price agreed upon by the parties.

The following well-considered cases illustrate and apply the rule just stated: *Brooks* v. *Black,* 68 Miss. 161, 8 So. 332, 11 L. R. A. 176, 24 Am. St. Rep. 259; *Mischke* v. *Baughn,* 52 Iowa, 528, 3 N. W. 543; *Eaton* v. *Lyman,* 24 Wis. 438; *Staed* v. *Rossier,* 157 Mo. App. 300, 137 S. W. 901; *Penney* v. *Woody* (Tex. Civ. App.) 147 S. W. 872. In *Brooks* v. *Black,* supra, the authorities are exhaustively reviewed in a well-considered and illuminating opinion.

In view that, according to the measure of damages stated in the original opinion, plaintiff is limited in his recovery to the purchase price received by respondent for the land in question with interest the measure of damages is there correctly stated.

The application for rehearing, therefore, should be, and it accordingly is, denied.