MAURICE *v.* SCHMIDT.

4-8761                                    218 S. W. 2d 356

Opinion delivered February 28, 1949.

Rehearing denied April 4, 1949.

726

*David L. Ford,* for appellant.

*Martin L. Green, Chester Holland, Louis Chastain* and *Franklin Wilder,* for appellee.

ROBINS, J. This appeal comes from a decree dismissing for want of equity appellants' complaint against appellees, Ella Schmidt, Josephine Tinder, her vendee, and the other appellees holding title through appellee, Josephine Tinder.

In their suit below appellants, who are husband and wife, asked that their deed from appellee, Ella Schmidt, be reformed so as to include in the property conveyed a strip 35 feet wide lying immediately to the north of the one-acre tract actually described in said deed, which was dated November 6, 1941, and showed a consideration of $1.00 and "other considerations." (The testimony showed actual consideration "close to $300.") Appellants also asked that in event said deed could not be so reformed as against the present owner, Laura Best, who held possession of and title to said 35-foot strip through mesne conveyances from appellee, Ella Schmidt, that they have judgment against the said appellee, Ella Schmidt, for damages accruing from breach of her warranty of title.

The answer of said appellee was a general denial and a plea of limitation. The other appellees, the vendee of appellee, Ella Schmidt, and the others through whom title passed to appellee, Laura Best, and said last named appellee, answered, pleading, among other defenses, that appellants were barred as to them by laches and estoppel.

The land in dispute is in the suburban area of Ft. Smith and was a part of Lot 1, Tract "F," Schulte Property, as shown on a plat thereof filed on January 14, 1913. The original plat shows that Lot 1 was 682.9 feet long, north and south, and 166.1 feet wide, east and west, and that a public road known as Mill Creek Road ran along the south line of Lot 1 and adjacent lots. Some time prior to 1928 the county moved Mill Creek road north, so as to make it occupy approximately 30 feet along the south end of Lot 1.

Appellants claimed that, following stakes set by a surveyor, they built a fence on the north line of their tract, so as to include therein one acre, the quantity sold to them, and making the north line of the new county road the south line of their land. At that time appellee, Ella Schmidt, owned the land lying immediately north of the land sold to appellants, but after appellant, Maurice, entered the army she sold a tract lying north of appellants' acre to appellee, Josephine Tinder, who discovering the erroneous location of appellants' north fence, removed it and built a new fence thirty-five feet to the south.

When Maurice returned from military service and discovered the fence had been taken down and rebuilt so as to exclude from his tract the thirty-five foot strip along the north side thereof he brought an ejectment suit, in which he subsequently took a non-suit.

It is apparent that when appellants purchased the one-acre tract in the south end of Lot 1 the fact that the highway had been thus moved was overlooked and that, under the metes and bounds description in the deed appellee, Ella Schmidt, actually conveyed to appellants the strip which the county had acquired (in what manner the record does not show) and was using for a road.

Assuming the correctness of the contentions of appellants as to the amount and location of land they bought from appellee, Ella Schmidt, they would have been entitled to a reformation of their deed as against said appellee, and as against appellee, Josephine Tinder, to whom appellee, Schmidt, sold and conveyed on April 3,

1943, the land lying immediately north of appellants' tract, because at that time appellants had a fence on their north line (as claimed by them) and this fence was sufficient notice to appellee, Josephine Tinder, of their claim as to the line. But Josephine Tinder, after her purchase, tore this fence down and built another, thirty-five feet to the south, which has since been in existence along the south line of the property which was conveyed to her by Ella Schmidt, and which is the north line of appellants' property as shown in their deed from Ella Schmidt. Therefore, when appellee, Josephine Tinder, sold her tract to appellees, C. A. Bryant and Grace H. Bryant, on June 27, 1945, she had good record title thereto, and there was nothing in the physical situation to apprise her vendees or those claiming under them, including the present owner, appellee, Laura Best, that appellee, Josephine Tinder's, title—good as shown by the record—was not good in fact.

Since appellee, Laura Best, was thus in the attitude of a *bona fide* purchaser, the lower court did not err in holding that appellants could not assert their right to reformation as against the present occupation of the strip in dispute.

But under the testimony adduced below appellants, Lowell Maurice, was entitled to recover against appellee, Ella Schmidt, for breach of warranty contained in her deed to appellants. The description in this deed embraced the portion of Lot 1 that was occupied by the public highway; and she warranted title to this strip, along with that of the remainder of the property conveyed. Under the proof the county had been in possession, using it as an improved highway, for at least thirteen years, and Mrs. Schmidt, if she had not conveyed it to the county, had lost her title to this right-of-way. Therefore, not being the owner thereof when she conveyed this strip, she conveyed something she did not own and possession of which she was unable to deliver to her vendees. Appellants being constructively evicted, a cause of action in their favor against their grantor arose. *Crawford County Bank* v. *Baker*, 95 Ark.

438, 130 S. W. 556. Appellant, Lowell Maurice, was not barred by limitation in his suit to recover for this breach of warranty.

The national Soldiers' and Sailors' Civil Relief Act (§ 525, 50 U. S. C. A., App.) provides: "The period of military service shall not be included in computing any period now or hereafter to be limited by any law, regulation, or order for the bringing of any action or proceeding in any court, board, bureau, commission, department, or other agency of government by or against any person in military service or by or against his heirs, executors, administrators, or assigns, whether such cause of action or the right or privilege to institute such action or proceeding shall have accrued prior to or during the period of such service, nor shall any part of such period which occurs after the date of enactment of the Soldiers' and Sailors' Civil Relief Act Amendments of 1942 [Oct. 6, 1942] be included in computing any period now or hereafter provided by any law for the redemption of real property sold or forfeited to enforce any obligation, tax, or assessment."

Said appellant, Lowell Maurice's, right of action against appellee, Ella Schmidt, on the breach of warranty accrued November 6, 1941, and this suit was not brought until January 10, 1948; but under the terms of the federal Act, *supra,* the statute of limitations did not run during the time (27 months) said appellant was in the military service of his country.

Said appellant's suit on the warranty was brought within apt time.

There was no very definite proof as to the exact amount paid by appellants for the entire tract, or as to the proportionate value of the strip of land to which title failed. During a colloquy between the chancellor, attorneys and parties, in the trial below, the chancellor tentatively fixed this amount at $40, and the correctness of his suggestion apparently was not challenged. We adopt this figure; and award appellant, Lowell Maurice, decree against appellee, Ella Schmidt, for the sum of $40, with interest.

Accordingly, that part of the decree by which the complaint of appellants as against appellees, Josephine Tinder, C. A. Bryant, Grace A. Bryant, L. R. Cradduck, Emma Cradduck, James F. Taylor, Esther A. Taylor, Hiram N. Kimes, Virginia Margaret Kimes, and Laura Best, was dismissed for want of equity is affirmed; and that part of the decree below, by which the complaint was dismissed as to appellee, Ella Schmidt, is reversed and decree is rendered here, in favor of appellant, Lowell Maurice, against appellee, Ella Schmidt, for $40, with interest from November 6, 1941, until paid at the rate of six per cent per annum and for costs of both courts.

Holt, J., not participating.