480 P.2d 480

**David W. SMITH, Plaintiff and Respondent,**

**v.**

**Joseph DeNIRO and Helen DeNiro, his wife, Mary Ann DeNiro, individually and as Executrix of the Estate of William DeNiro, Deceased, Defendants and Appellant.**

No. 12036.

Supreme Court of Utah.

Feb. 1, 1971.

Richard C. Howe, Murray, for defendants-appellant.

Harry D. Pugsley, Salt Lake City, for plaintiff-respondent.

HENRIOD, Justice:

Appeal from a quiet title judgment based on a boundary by acquiescence. Reversed, with no costs awarded.

■ This suit questions ownership of a strip of land, called the Gordon Mill Race, situate between the parties' properties which was used for over 50 years to transport water, but which use was abandoned in 1966. Both parties claim title on the theory mentioned, but the evidence reflects no common grantor, no payment of taxes by anyone, and no acquiescence by anyone owning the disputed property, save some disinterested cows that at times have browsed the mill race, subject of this suit, whose interests were but pastoral, not proprietary. Salt Lake City used the mill race, and it is not shown whether as fee owner or by easement, or otherwise. The mill race appears to be a no-man's land, whose owner is no party to this litigation. This hiatus, which cannot be reconciled by the record, is evidenced by the fact that title insurers were unwilling to cover it with title insurance. The theory of this case offends against the elementary principle that without contiguity there can be no boundary by acquiescence.[1]

Someone will have to find the record owner or sue the whole world to establish ownership in the subject property, a waterway used as such since almost the Cru-

sades. We would abuse our prerogative were we to assume the role of Lloyds of London in this most troublesome case. Some years ago we had to remand a boundary case for similar reasons of uncertainty.[2]

■ It is difficult to understand the position taken by the dissent which urges a superior title by virtue of possession. That is not the theory of this case. The theory and judgment here are based on boundary by acquiescence, as is abundantly clear by the findings of fact upon which the judgment was based. The dissent is based on a so-called memorandum decision informally signed a week earlier. It is clear from this record that the trial court abandoned that memorandum because the matter of possession was not clear in the record and both parties conceded that no taxes had been paid by anyone, both of which circumstances were the gravamen of the memorandum abandoned by the trial court. It is not for this court to adopt the theory set forth therein and depart from the theory of boundary by acquiescence adopted officially by the trial court based on its finding of such boundary agreement. I have no quarrel with the proposition expounded in the dissent that as between two persons, neither of whom has title, the one in possession can prevail over one not in possession. But that is not the case here,

---

1. Fuoco v. Williams, 18 Utah 2d 282, 421 P.2d 944 (1966).

2. Dragos v. Russell, 1 Utah 2d 385, 267 P.2d 775 (1954).

as a casual perusal of the transcript in this case clearly will reflect.

CALLISTER, C. J., and TUCKETT, J., concur.

ELLETT, Justice (dissenting).

I dissent.

The trial court found for the plaintiff and against the defendants and the judgment rendered should be affirmed if there is any competent evidence to sustain it.[1] In his memorandum decision the trial judge found as follows:

> The evidence in this action was in dispute, the plaintiffs contending that they had occupied and used, and that there had been a fence along the property claimed by them, the defendants contending that the plaintiffs had not used the same, nor had there been a fence along the part claimed by the plaintiffs. However, be that as it may the call in the plaintiffs' deeds bear out their contention, and the call in the defendants' title likewise bears out the plaintiffs' contention. However, there were certain deeds dating back to 1903 and running up to and in effect until 1920 wherein the defendants' contention might have been supported. However, from April 26, 1920, the call in the defendants' deeds met the call set forth in the plaintiffs' deeds, and the plaintiffs have been in possession and paid the taxes on the property claimed by them for a period in excess of twenty years.

> There were some arguments and contentions made as to acquiescence of prescriptive rights. However, in view of the foregoing statement by the Court, the Court need not burden this memorandum with any comment upon the questions of acquiescence and prescriptive rights.

We are not concerned in this matter with the ultimate determination of true ownership. Rather we have an action between litigants which we ought to decide. By focusing our attention on a record title alone, we tend to lose sight of the fact that it is possible to have title founded upon possession alone.

In the case of East Canyon, etc. v. Davis & Weber Counties Canal Co., 65 Utah 560, 238 P. 280, this court cited Newell on Ejectment, 433 as follows:

> Possession of land is prima facie evidence of title, and is sufficient evidence of title as against all persons but one who can show either a prior possession or a better title.

The general law is to be found in 73 C. J.S. Property § 17 a at p. 211.

The decree of the trial court quieted the plaintiff's title against the defendants only.

---

1. Charlton v. Hackett, 11 Utah 2d 389, 360 P.2d 176; DeVas v. Noble, 13 Utah 2d 133, 369 P.2d 290.

It did not purport to give an insurable title to the plaintiff. Whether possession for 20 years and more by plaintiff gives a sufficient title to cause an insurer to write a title policy depends upon the insurer. We do not have to contend with that proposition at this time.

The main opinion says the trial court abandoned its memorandum decision and that "it is not for this court to adopt the theory set forth therein and depart from the theory of boundary by acquiescence adopted officially by the trial court * * *."

That argument fails to distinguish between *affirming* and *reversing* a trial court. The law is stated in 5 C.J.S. Appeal and Error § 1464(1) as follows:

The appellate court will affirm the judgment, order, or decree appealed from if it is sustainable on any legal ground or theory apparent on the record, even though such ground or theory differs from that stated by the trial court to be the basis of its ruling or action, and this is true even though such ground or theory is not urged or argued on appeal by appellee, was not raised in the lower court, and was not considered or passed on by the lower court.

It is my opinion that the plaintiff had a better title than did the defendants to the land in question. If the judgment is reversed as the prevailing opinion holds, do the defendants get title to the land? If not, are we admitting that we are incapable of settling a bona fide dispute between the parties?

I would affirm the judgment and award respondent his costs.

CROCKETT, J., concurs in the dissenting opinion of ELLETT, J.