486 P.2d 1036

David W. SMITH, Plaintiff and Respondent,

v.

Joseph DeNIRO et al., Defendants and Appellant.

No. 12036.

Supreme Court of Utah.

June 30, 1971.

---

2. State v. Tennant, 204 Iowa 130, 214 N.W. 708 (1927); Lovely v. United States, 169 F.2d 386 (4th C.C.A. 1948).

**154**

Richard C. Howe, Murray, for defendants and appellant.

Harry D. Pugsley, Salt Lake City, for plaintiff and respondent.

ON REHEARING

TUCKETT, Justice:

The court granted a rehearing in this matter for the purpose of re-examining the claims of the parties to the ownership of certain lands claimed by the plaintiff and the defendant Mary Ann DeNiro. We are here concerned with the southerly boundary of Lots 40, 41 and the southwesterly part of Lot 42 of Murray Meadows Subdivision in Salt Lake County. The plaintiff claims ownership of Lots 40, 41 and 42, and the defendant claims ownership south of the boundary line of those lots.

Prior to 1966 a waterway known as the Gordon Mill Race ran in a westerly direction between the lands owned by the DeNiros and the Smith land to the north. The waters of the mill race had been used to turn a generator at a plant some dis-

tance west of the properties. In 1966, the mill race as such was abandoned and it was used thereafter solely for drainage and the carrying away of surplus irrigation water. At the time these proceedings were commenced the mill race had been filled in.

The plaintiff claims title to a boundary line which he contends ran easterly and westerly along the south bank of the mill race. Plaintiff claims under a deed dated October 16, 1946, from one James H. Park. The defendant Mary Ann DeNiro claims under a deed dated in 1922, the calls of which designate a boundary line running along the north bank of the Gordon Mill Race. It would thus seem that each of the parties claims ownership of that tract of land which was embraced generally within the bed of the mill race.

■ The trial court found in accordance with the contentions of the plaintiff that the southerly boundary of his land was along the south bank of the mill race. Our examination of the record leads us to the conclusion that the court below was in error insofar as the location of the boundary line as it embraces the lots above mentioned. The courses and distances are set out in the conveyance under which the plaintiff claims and are depicted in Exhibit 1, which is a map of the area offered in evidence by the plaintiff. The description

in the deed as outlined on the exhibit clearly shows that the plaintiff's boundary is to the north of the location of the abandoned mill race. If the plaintiff is entitled to prevail, he must do so upon the strength of his own title rather than any defect in the title of the defendant.[1] We are therefore of the opinion that the trial court erred in determining that the plaintiff's southerly boundary was a line running generally along the south bank of the Gordon Mill Race.

■ The claims of ownership of the defendant Mary Ann DeNiro stem generally from a conveyance dated in 1922. After that conveyance certain of the DeNiro brothers elected to partition their lands by an exchange of deeds. The record does not disclose whether or not the claim of the defendant is good as against all of the world; nevertheless, it would appear that her claims of ownership are superior to the plaintiff's claim to the disputed area. While both of the parties claim possession, the record reveals only a scrambling possession at most by either party. The claims of ownership based upon possession are insufficient to support the claim of either the plaintiff or the defendant.

This case is remanded to the District Court with directions to modify its findings and judgment in accordance with the

1. Babcock v. Dangerfield, 98 Utah 10, 94 P.2d 862; Mercur Coalition Min. Co. v. Cannon, 112 Utah 13, 184 P.2d 341.

views expressed herein. Defendant is entitled to costs.

CALLISTER, C. J., and HENRIOD, J., concur.

ELLETT, Justice (dissenting):

I dissent and adhere to my dissenting opinion on the former appeal. See Smith v. DeNiro et al., 25 Utah 2d 295, 480 P.2d 480 (1971).

CROCKETT, J., concurs in the dissenting opinion of ELLETT, J.