George J. CONDAS and Mary Condas Lehmer, Trustee in Trust, Plaintiffs and Appellants,

v.

Ray H. WILLESEN and Faye L. Willesen, his wife, Defendants and Respondents.

No. 18414.

Supreme Court of Utah.

Nov. 15, 1983.

J. Lade Heaton, Salt Lake City, for plaintiffs and appellants.

Allen H. Tibbals, Salt Lake City, for defendants and respondents.

DURHAM, Justice:

This is an appeal from the denial of a motion to set aside a summary judgment quieting title to real property in the respondents. We affirm.

The following material facts are not disputed by the parties. The appellants and respondents own land in Salt Lake County, which until 1980 was separated by a 33-foot strip of land. The 33-foot strip had been dedicated as a street (St. Johns Street) in 1908 by respondents' predecessors in interest. The street was never actually built, and Salt Lake County passed an ordinance vacating its ownership of the property in 1980. From approximately 1929 until 1979, a fence was located along the eastern edge of St. Johns Street. Appellants and their predecessors in interest occupied the land west of the fence, including St. Johns Street itself, and respondents and their predecessors in interest occupied the land east of the fence.

The appellants contend that they have acquired equitable title to the disputed strip of property under the doctrine of boundary by acquiescence. From at least 1929 until 1979, they or their predecessors in interest occupied and used the property in question. The undisputed facts show that St. Johns Street separated the property owned by appellants from that owned by respondents throughout the period during which appellants claim to have established a boundary by acquiescence. During that period of time, Salt Lake County was the fee simple owner of the dedicated property. U.C.A., 1953, § 57–5–4. It is therefore obvious that one of the essential requirements of the doctrine of boundary by acquiescence—that the parties be "adjoining" landowners—has not been met in this case. "Without contiguity there can be no boundary by acquiescence." *Smith v. DeNiro*, 25 Utah 2d 295, 296, 480 P.2d 480, 481 (1971) (footnote omitted). Appellants' contentions therefore fail, and the judgment of the district court was correct.

Pursuant to U.C.A., 1953, § 27–12–102.5, the vacation of a county road "operate[s] . . . as a revocation of the acceptance thereof." The parties have both assumed in this appeal that, since respondents' predecessors in interest originally dedicated all of the property for St. Johns Street, the county's revocation of acceptance results in a reversion of the entire strip to respondents if a boundary by acquiescence cannot be shown. No issue respecting this assumption is raised on appeal, and we therefore make no

ruling regarding it. The summary judgment of the trial court quieting title to the entire 33 feet, formerly St. Johns Street, in respondents is affirmed in its entirety. Costs to respondents.

HALL, C.J., and OAKS, STEWART and HOWE, JJ., concur.